**Eugene MILLER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–83–114CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 1984.

Michael Charlton, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a conviction for the offense of voluntary manslaughter. Appellant pled not guilty. A jury found him guilty and also found the allegations in the enhancement paragraph to be true. The jury assessed punishment at 28 years confinement in the Texas Department of Corrections. We affirm.

The indictment charged that appellant did then and there unlawfully intentionally and knowingly cause the death of Preston Punch, hereafter styled the Complainant, by stabbing the Complainant with a knife.

On the evening of June 10, 1982, appellant and a fellow employee from a moving company went to a pool hall called Lizzie's Place. Appellant and Punch started arguing about a woman with whom appellant had once lived. After a struggle appellant used his pocket knife to stab Punch 10 or 15 times.

In his first ground of error appellant contends that the trial court erred in overruling his objection to the state's argument during the punishment phase of the trial.

During the punishment phase of the appellant's trial, the prosecutor made the following statement:

You don't have some young first offender here off the streets. You've got a man that has deliberately entered in a criminal activity, been caught, arrested, convicted on two prior offenses.

He starts out, and all he's doing is stealing somebody's property, and the law taps him on the wrist, gives him a probation. It might have been the right thing to do. Give him another chance because we can stand to lose a little of our property in exchange for the hope that maybe we're going to cure somebody or maybe somebody's going to rehabilitate.

But what did he do with the chance that you gave him or that we gave him? It's probably more my fault than yours. What did he do with that chance? He got on his probation, and instead of abiding by the law—he doesn't go out and smoke a joint or marijuana. He goes out and sells marijuana, commercial sale. It's in the pen papers. You can see it.

So he's moving up from stealing somebody's property. He's polluting the area with marijuana, selling to somebody's child or whoever or somebody's father.

At this point appellant's attorney objected to the argument in the last sentence because it was outside the record. The court replied "His deduction." Then the prosecutor continued his argument as follows:

He's selling some human being some marijuana, and now he's taking lives, and he still wants mercy and forgiveness and all. Forgiveness is wonderful. We forgive him for what he's done and forgiven [sic] by his maker, but he must be punished first and must be punished severely in our opinion because he has ignored and laughed at and completely disregarded all of his prior chances.

In his argument the prosecutor was referring to the appellant's penitentiary packet which had earlier been admitted into evidence without objection. The pen packet showed that the appellant had been placed on probation for felony theft and that probation had been revoked when the appellant committed the new offense of delivery of marijuana for remuneration.

*Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973) established the boundaries of acceptable jury argument. The court of criminal appeals there stated,

To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of op-

posing counsel; and (4) plea for law enforcement. (Citations omitted.)

█ Although the pen packets did not show the name of the person to whom appellant had sold the marijuana, we hold that argument that the sale was "to somebody's child or whoever or somebody's father" was a reasonable deduction from the evidence and was therefore not improper. Furthermore, it is not clear from the record that appellant secured a ruling by the court on the objection; and failure to secure a ruling waives any error in the argument.

We overrule the first ground of error.

█ Appellant's second ground of error is that the trial court erred in entering a fact finding that appellant used a deadly weapon, to-wit, a firearm, in the commission of the offense. Under this ground of error appellant makes two arguments: (1) the trial being to a jury, the jury, not the court, was required to make the finding that a deadly weapon was used in the commission of the offense; and (2) the court's finding that the deadly weapon used was a firearm cannot stand, the indictment charging and the undisputed evidence showing that the weapon used was a knife, not a firearm.

At the conclusion of the punishment phase of the trial, the prosecutor said, "The State would like the court to make a finding—" The court orally responded by stating, "The court makes a finding that the offense was done with a deadly weapon."

The judgment stated that the jury had found the defendant guilty of voluntary manslaughter. A rubber stamp entry near the end of the judgment read, "[T]he Court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense."

█ Appellant is correct in argument (1) under his second ground of error. *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Crim. App.1982); *Barecky v. State,* 639 S.W.2d 943 (Tex.Crim.App.1982). However, in the instant case the verdict of the jury necessarily amounted to an affirmative finding that appellant used a deadly weapon in the commission of the offense. The indictment charged appellant with murder in intentionally and knowingly causing the death of Preston Punch by stabbing him with a knife. The charge to the jury correctly submitted the murder offense in the wording of the indictment, and in addition the charge correctly submitted the lesser included offense of voluntary manslaughter. The jury verdict finding appellant guilty of voluntary manslaughter necessarily included a fact finding by the jury that appellant used a deadly weapon, a knife, in the commission of the offense. *Ex parte Moser,* 602 S.W.2d 530 (Tex.Crim.App.1980); *Reed v. State,* 649 S.W.2d 357 (Tex.App.—Fort Worth 1983, no pet.).

█ The trial court erred in making the finding of the use of a deadly weapon and including in the judgment a recitation that the trial court had made such finding. However, we hold the error was harmless in light of the fact that the jury did make the affirmative finding in its verdict. *Reed v. State, supra.*

█ We now consider appellant's argument (2) under the second ground of error. We hold that the trial court erred in including in the judgment a recitation that the deadly weapon used was a firearm. We attribute this error to the use of a rubber stamp containing the word "firearm" in identification of the deadly weapon. The judgment recitation is the only place in the entire record indicating the weapon used was a firearm rather than a knife. Under these circumstances this court has the power to reform and correct the judgment as the law and nature of the case may require. *Barecky v. State, supra; Reed v. State, supra.* Because we have before us the same information for reforming or correcting the judgment as the trial court would have should we reverse and remand, we hereby reform and correct the judgment to reflect the fact that the jury, not the trial court, made the affirmative finding, and that the deadly weapon used was a knife, not a firearm. Accordingly we order that the affirmative

finding entered in the judgment, to-wit: "And the court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense" be stricken from the judgment and that there be substituted therefor the following: "By its verdict the jury made an affirmative finding that the defendant did use a deadly weapon, to-wit, a knife, in the commission of the offense of voluntary manslaughter."

Because we are able to reform the judgment in the manner set forth hereinabove, appellant's second ground of error is overruled.

As reformed, the judgment of the trial court is affirmed.