Opinion issued November 23, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00166-CR




 FRANK ROY GENTRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 993250




MEMORANDUM OPINION
          A jury found appellant, Frank Roy Gentry, guilty of murder and assessed his
punishment at confinement for life. Appellant, in two points of error, contends that
the trial court erred in excluding testimony regarding his efforts to locate witnesses
and erred in denying appellant’s motion for mistrial due to the prosecutor’s remarks
during closing argument. We affirm.
BACKGROUND
          On July 4, 2005, the complainant, Mark Bree, and four friends were
congregated near the leasing office of the Aspen Ridge Apartment complex. 
Appellant approached the group in a Pontiac Sunbird, called over the complainant,
and, as the complainant walked over, jumped out of the car and began firing at him
with a rifle. The complainant attempted to run away, but was struck by a shot in the
back and died at the scene. Appellant was identified by four eyewitnesses as the
shooter. 
          At trial, appellant’s counsel attempted to introduce the testimony of Harry
Johnson, a private investigator, about his efforts to locate (1) Leslie Williams, a Wal-mart employee who allegedly spoke with appellant at a local Wal-mart about 15 to
20 minutes before the murder; (2) Pamela Lee Haskins, appellant’s girlfriend; and
(3) Kendrick Johnson, a thirteen-year-old boy who witnessed at least part of the
incident. 
          After the trial court ruled the investigator’s testimony inadmissible, appellant
made an offer of proof in the question-and-answer form, with Johnson delineating
how he attempted to locate these three individuals. The trial court then brought the
jury in for closing arguments. During the prosecutor’s closing argument, she stated:
And you heard testimony about a Kendrick Johnson who was out there 
that night and while he wasn’t here to testify, Sergeant Elliott admitted
on the stand that this defendant is the one he said did it.

Appellant objected, arguing that this was incorrect because Kendrick Johnson had
never testified before the presence of the jury. The trial court told the jury that “you
remember the evidence as you heard it from the witness stand. This is the arguments
of counsel.” Appellant’s subsequent motion for mistrial was then overruled.
DISCUSSION
1. Exclusion of Private Investigator’s Testimony 
          In his first point of error, appellant contends that the trial court erred in
excluding the private investigator’s testimony regarding his efforts to locate
appellant’s alibi witnesses because the jury, according to appellant, “plac[ed] weight
on the fact the alibi witnesses were missing from the case” and therefore made
inferences adverse to appellant.
          The State argues that appellant waived this argument in one of two ways. First, 
relying on Warner v. State, the State contends that appellant did not properly preserve
error for appeal because appellant did not provide a reasonably specific summary of
the evidence offered. 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). The State misreads
Warner; the portion of the opinion on which the State relies pertains to counsel’s
option of providing the trial court with a “concise statement” of what the evidence
would show when making an offer of proof. Id. “An offer of proof may be in
question-and-answer form, or it may be in the form of a concise statement by
counsel.” Id.; see also Tex. R. Evid. 103(b). Here, appellant made his offer of proof
in the question-and-answer form; thus this waiver argument fails.
          The State’s second waiver argument is that appellant did not make clear to the
trial court the theory of admissibility that he now urges on appeal. At trial, the
following exchange occurred:
          COURT: What’s [the private investigator] going to testify about?
 
TRIAL COUNSEL: He testified [sic] that the witness has verified that
a Leslie Williams does work at Wal-Mart, but they would not release
any—
 
COURT: No, no. That doesn’t have any place with the jury.
 
TRIAL COUNSEL: Okay. I guess I would like to put that at some point
on outside the record.
 
COURT: Absolutely.
 
TRIAL COUNSEL: The other thing, whether it’s admissible before the
jury, the Court will tell me, but he’s going to testify about the efforts he
made to locate Pam Lee and he has been unsuccessful.
 
COURT: I think you have already said that.
 
TRIAL COUNSEL: I will put that on outside the presence. Lastly,
that’s [sic] he’s made effort to locate Kendrick Johnson and been unable
to.
 
COURT: You can put that on outside the presence.

          While appellant made the trial court aware of what the witnesses would testify
to, he didn’t make the trial court aware of specifically why their testimony was
material and relevant. The error on appeal must comport with the objection made at
trial. Wilson v. State, 71 S.W.2d 346 (Tex. Crim. App. 2002). On appeal, appellant
argues for the first time that the private investigator’s testimony was relevant because
it would prevent that the jury from drawing adverse inferences from the failure of the
witnesses to testify. This rationale was never before the trial court. See Tex. R. App.
P. 33.1(a)(1).
          Accordingly, we overrule appellant’s first point of error.
2. Prosecutor’s Closing Argument
          In his second point of error, appellant contends that the trial court erred in
denying appellant’s motion for mistrial based on the prosecutor’s improper jury
argument referencing Sergeant Johnson’s testimony—adduced outside the presence
of the jury—that Kendrick Johnson had identified appellant as the gunman.
          In order to preserve jury-argument error for appellate review, the defendant
must make an objection, request an instruction to disregard, and make a motion for
a mistrial. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). Here,
appellant failed to request an instruction to disregard, and, moreover, the record
shows that he never secured a ruling on his objection. Id; see also Miller v. State, 675
S.W.2d 594, 596 (Tex. App.—Houston [14th Dist.] 1984, no writ). Therefore, this
argument is waived on appeal.
CONCLUSION
We affirm the judgment of the trial court in all respects.
                                                             

                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).