**Ex parte Henry A. MOSER.**

**No. 63811.**

Court of Criminal Appeals of Texas,
En Banc.

March 5, 1980.

---

Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and James Thomas Carter, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred W. Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This petition for habeas corpus relief attacks subsection 3f(b) of the Adult Probation, Parole, and Mandatory Supervision Law (V.A.C.C.P., Article 42.12), which provides:

> If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days. At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing judge, on his own motion or on motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days.

The applicant was indicted for intentionally and knowingly causing the death of a named individual by shooting him with a pistol on or about May 19, 1979. A jury found the applicant "guilty of murder, as charged in the indictment." The jury assessed a punishment of ten years' confinement, and it recommended that the applicant be placed on probation. The trial court included in the judgment the following paragraph:

> The jury verdict in this case being an affirmative finding that the defendant is convicted of a felony of the first degree and that he used a firearm during the commission of the offense and the court further also affirmatively finding that the defendant is convicted of a felony of the first degree and that he used a firearm in the commission of the offense, and the defendant having been granted probation, the Court accordingly, under the provisions of Art. 42.12.3f(b) of the Code of Criminal Procedure, orders that the defendant be confined in the Texas Department of Corrections for not less than sixty (60) nor more than one hundred twenty (120) days.

By the authority of that order, the applicant is now in the custody of the Texas Department of Corrections.

We first take up the applicant's claim that subsection 3f(b) is unconstitutional on its face because it gives the trial court "unbridled" and standardless discretion to order confinement. This claim cannot be read literally, for the trial court is bridled by the requirements that the defendant have been convicted of a felony of the second (or a higher) degree and that there be an affirmative finding that he used or exhibited a firearm during the commission or flight from the commission of the offense. Also, general standards are set out in the Penal Code.* We construe

---

\* "[T]he provisions of this code are intended . . . to achieve the following objectives:

"(1) to insure the public safety through:
    (A) the deterrent influence of the penalties hereinafter provided;

the claim to be that other standards are required by the Constitution. They are not. See *Kemner v. State*, 589 S.W.2d 403, 409 (Tex.Cr.App.1979). No more discretion is given here than in all other sentencing decisions. The statute is valid on its face.

■ The applicant advances several claims that the application of the statute to him was unconstitutional. The first of these is that the procedure infringed on the right to trial by jury which is guarantied by Article I, Section 15, of the Texas Constitution. We have held frequently that that right does not include any right to have a jury assess punishment. E. g., *Emerson v. State*, 476 S.W.2d 686 (Tex.Cr.App.1972); *Jones v. State*, 416 S.W.2d 412 (Tex.Cr.App. 1967). There is even less merit in the applicant's claim that the procedure violates a statutory "right" to have a jury assess punishment under the procedure created by V.A.C.C.P., Article 37.07. The Legislature having statutorily created assessment of punishment by the jury, the Legislature may alter or abolish that procedure (within the bounds of due process and other constitutional strictures). The enactment of subsection 3f(b) to give the trial court a power it did not previously possess did not infringe on the applicant's right to jury trial.

■■ The applicant next claims that he has been denied due process by being "incarcerat[ed] for an uncharged crime." We find no merit in this argument. There was but one crime. The indictment correctly charged the commission of murder; that murder is a felony of the first degree is a matter of law, not a fact that must be pleaded and proved. The indictment also alleged that the applicant caused the death "by shooting . . . with a pistol." That was a sufficient allegation that the applicant used a firearm during the commission of the offense. Everything was alleged that was required to be proved to subject the applicant to confinement under subsection 3f(b).

■ Also alleged to be a denial of due process is the fact that the court's charge did not include an instruction or a special issue concerning the use of a firearm. The first premise of the applicant's argument is that there was no "affirmative finding" of use of a firearm, which the statute requires. We cannot agree. The applicant was indicted for intentionally and knowingly causing the death of a named individual by shooting him with a pistol. The only theory of guilt submitted in the court's charge was that the applicant intentionally or knowingly caused the death of the individual by shooting him with a pistol. The jury found the applicant "guilty of murder as charged in the indictment." In these circumstances, the verdict necessarily included a finding that the applicant committed murder by shooting the individual with a pistol. Therefore this verdict must amount to an affirmative finding that the applicant used a firearm in the commission of the offense. We should not be understood to hold that this method was the only, or even the better, way to make such a finding. Different indictments, instructions, or forms of verdict obviously might make such a method inadequate to comply with the statute. Nor should we be understood to say that instructions or special issues would be improper or unnecessary in a given case; these questions are not presented today. Our holding is that in this case there was not a violation of the statutory requirement of an affirmative finding, much less a denial of due process.

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

\* \* \* \* \* \*

"(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

\* \* \* \* \* \*

"(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses . . . ." V.T.C.A., Penal Code, Sec. 1.02.

■ The final claim is not of constitutional dimension. The applicant would have us hold that incarceration under subsection 3f(b) is illegal because of the last sentence in Section 3a of the same Law: "If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof." (Incarceration is not among the conditions set forth in Section 6.) The most obvious flaw in this claim is that the incarceration authorized by subsection 3f(b) is not a condition of probation. There is no conflict between section 3a and subsection 3f(b) of the Law.

The relief requested is denied.