**Britt REED, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–154–CR.**

Court of Appeals of Texas,
Fort Worth.

March 30, 1983.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

OPINION

FENDER, Chief Justice.

Britt Reed was convicted by a jury of the offense of aggravated robbery with a deadly weapon, to-wit: a firearm. V.T.C.A. Penal Code, § 29.03. The jury also found the allegations in the two enhancement paragraphs "true". Based upon the jury's verdict and findings, the trial court assessed punishment at confinement for life in the Texas Department of Corrections.

Reed's court-appointed attorney has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App. 1969); *Jackson v. State*, 485 S.W.2d 553 (Tex.Cr.App.1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974); *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978). A copy of counsel's brief has been delivered to Reed, and he has been advised that he would be given an opportunity to examine the appellate record, and that he has a right to file a pro se brief. No pro se brief has been filed.

The record reflects that about 8:15 p.m. on October 25, 1981, Sid Strachan and his female companion, Patsy Cunningham, were robbed at gunpoint on the parking lot of the Spanish Galleon Restaurant located on Forest Park Boulevard in Fort Worth, Texas. Two black males came up behind Strachan and Cunningham as Strachan was opening the door on the passenger side of the car for Cunningham. One of the black males, later identified by both Strachan and Cunningham as Reed, pointed a gun at Strachan's chest and demanded Strachan's billfold and Cunningham's purse. Both complied with the demand. The black male with the gun then demanded the car keys and told the two victims to get into the front seat of the car. The two black assailants then fled on foot. Strachan and Cunningham called the police. Strachan's billfold contained his driver's license, identification credentials, approximately $100.00 and numerous credit cards.

The evidence further shows that a few months later on January 14, 1982, a black male attempted to purchase gasoline with Strachan's stolen Exxon credit card at an Exxon service station located at East Berry Street and East Loop 820 in Fort Worth, Texas. Elizabeth McCommas, the service station attendant, identified Reed as the person who presented Strachan's Exxon credit card to her.

Both Strachan and Cunningham identified Reed in open court as the assailant who brandished the gun and did the talking during the robbery. Strachan testified that he had previously identified Reed from a photograph spread shown to him by investigating detectives and also at a lineup at the Fort Worth Police Station. Cunningham testified that she was unable to positively identify anyone in the photographs shown to her but was positive about her in-court identification.

The fact that none of the State's witnesses noticed a prominent scar on Reed's face became a major issue in the trial which apparently the jury resolved against Reed. It was shown in court that the scar on Reed's face was not apparent to an observer unless Reed's head was turned a certain direction in relation to the observer. Further, the defense introduced the testimony of an attorney who represented Reed's wife in other matters, who testified that Reed had come into his office with his wife, the attorney's client, on numerous occasions and that "he [Reed] has a scar someplace on his face, I think." Clearly, there is conflicting evidence in the record as to whether the three eyewitnesses' positive identification of Reed is good even though not one noticed the scar on his face.

Reed offered evidence of alibi and testified in his own defense denying his participation in the alleged robbery or any knowledge of it and denying that he attempted to use the credit card belonging to Strachan.

Tony Reed, Reed's (appellant's) brother, testified that he owned the 1974 Oldsmobile, that he had seen Strachan's stolen Exxon credit card in his car, that he did not use the card or have it in his possession, and that his brother, appellant, had borrowed his car sometime around the date that Strachan's Exxon card was allegedly used but could not remember the exact date he loaned the car.

It is well settled that the jury is the exclusive judge of the credibility of the witnesses and the weight to be given to

their testimony. V.A.C.C.P. art. 36.16 and 38.04; *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). Further, reconciliation of conflicts and contradictions in evidence is within the province of the jury and such conflicts will not call for reversal if there is enough apparent credible testimony to support the conviction. *Bowden v. State,* 628 S.W.2d 782 (Tex.Cr.App.1982). Viewing the evidence in a light most favorable to the jury's verdict, as we are required to do, *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App. 1976), we find the evidence sufficient to support the verdict.

We have carefully reviewed the record before us and although we do not agree that the appeal is wholly frivolous and without merit, we find no reversible error. However, we find that the trial court erroneously included in its judgment the following affirmative finding: "The Court affirmatively finds that the defendant did use a deadly weapon, in the commission of the offense of Aggravated Robbery With a Deadly Weapon, To-Wit: A Firearm".

V.A.C.C.P. art. 42.12, § 3f(a)(2) provides:

Sec. 3f. (a) The provisions of Sections 3 and 3c of this Article [Probation] do not apply:

\* \* \* \* \* \*

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

Although the statute does not make it clear as to who is to make the "affirmative finding", the Court of Criminal Appeals has held that when the jury is the trier of facts, the "affirmative finding" as to whether a firearm was used or exhibited during the commission of the offense must be made by the jury. *Ex parte Moser,* 602 S.W.2d 530, 532 (Tex.Cr.App.1980). In *Moser* the indictment alleged the offense of murder "by shooting . . . with a pistol" and the jury returned a verdict of "guilty of murder as charged in the indictment" and made no other findings. The trial court included in the judgment the following paragraph:

The jury verdict in this case being an affirmative finding that the defendant is convicted of a felony of the first degree and that he used a firearm during the commission of the offense and *the court further also affirmatively finding* that the defendant is convicted of a felony of the first degree and *that he used a firearm in the commission of the offense* and the defendant having been granted probation, the Court accordingly, under the provisions of Art. 42.12.3f(b) of the Code of Criminal Procedure, orders that the defendant be confined in the Texas Department of Corrections for not less than sixty (60) nor more than one hundred twenty (120) days. [Emphasis added.]

In answer to Moser's argument that there was no "affirmative finding" of use of a firearm as required by V.A.C.C.P. art. 42.12, § 3f(b) [1], the Court of Criminal Appeals held that "the verdict necessarily included a finding that the [defendant] committed murder by shooting the individual with a pistol" and, therefore, "amount[ed] to an affirmative finding that the [defendant] used a firearm in the commission of the offense." *Ex parte Moser, supra,* at 533.

In essence, the *Moser* opinion says that in a case where the indictment alleges that a firearm was used in the commission of the offense and the jury returns a verdict of guilty as charged in the indictment, the jury has, in effect, made an "affirmative finding" as prescribed in art. 42.12, § 3f(b).

1. The "affirmative finding" in art. 42.12, § 3f(a)(2) and the "affirmative finding" in art. 42.12, § 3f(b) are to be treated the same with respect to the question of who is to make the finding. *See Barecky v. State,* 639 S.W.2d 943 (Tex.Cr.App.1982).

However, the court in the *Moser* opinion did issue a cautionary note about its limited holding that the verdict was sufficient to reflect an affirmative finding as to the use of a firearm.

> We should not be understood to hold that this method was the only, or even the better, way to make such a finding. Different indictments, instructions, or forms of verdict obviously might make such a method inadequate to comply with the statute. Nor should we be understood to say that instructions or special issues would be improper or unnecessary in a given case; these questions are not presented today.

*Ex parte Moser, supra,* at 533.

In *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App.1982), the Court of Criminal Appeals, citing *Moser,* held that where the indictment did not allege the use of a firearm and the use of a firearm was not an issue submitted to the jury, the jury's verdict of "guilty as charged in the indictment" does not constitute an affirmative finding that a firearm was used in the commission of the offense and the trial court had no authority to enter an affirmative finding to that effect in the judgment.

In *Barecky v. State, supra,* the jury found the defendant "guilty as charged in the indictment"; however, neither the indictment nor the charge contained any reference to a deadly weapon. The trial court entered its finding as to use of a deadly weapon. The Court of Criminal Appeals held that the court improperly entered its "affirmative finding" in the absence of such an "affirmative finding" by the appropriate trier of fact. The court reformed the judgment by deleting the trial court's "affirmative finding".

In the case at bar, the indictment charged Reed with "intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place [complaining party] in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm".

The jury returned a verdict of "guilty of aggravated robbery as charged in the indictment" and made no other findings.

■ Because the indictment alleged that the defendant used and exhibited a firearm in the commission of the crime, we find that the jury's verdict of "guilty of aggravated robbery as charged in the indictment" is sufficient to reflect an affirmative finding that a firearm was used in the commission of the offense and is sufficient to satisfy the statutory requirements of art. 42.12, § 3f(a)(2). However, we also find that the trial court erred in entering its finding in the judgment; but conclude the error is harmless in light of the fact that the jury did make the affirmative finding in its verdict.

Further, because art. 42.12, § 3f(a)(2) requires that "[u]pon an affirmative finding . . . the court *shall* enter that finding in its judgment," [emphasis added] such finding must be properly entered in the judgment. Therefore, because this court has the power to reform and correct the judgment as the law and nature of the case may require, V.A.C.C.P. art. 44.24(b), and because we have before us the same information for reforming or correcting the judgment as the trial court would have should we reverse and remand, we hereby reform and correct the judgment to reflect the fact that the jury, not the trial court, made the affirmative finding. *See Barecky v. State, supra.* Accordingly, we order that the affirmative finding entered in the judgment, to-wit: "The Court affirmatively finds that the defendant did use a deadly weapon, in the commission of the offense of Aggravated Robbery With a Deadly Weapon, To-Wit: A Firearm" be striken from the judgment and substitute therefor the following: "By its verdict, the jury made an affirmative finding that the defendant did use or exhibit a deadly weapon in the commission of the offense of Aggravated Robbery With a Deadly Weapon, To-Wit: A Firearm."

As reformed, the judgment is affirmed.