Johnny ELSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01131–CR.

Court of Appeals of Texas,
Dallas.

Jan. 16, 1984.

Discretionary Review Refused
June 27, 1984.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., for appellee.

Before CARVER, ALLEN and SHUMPERT, JJ.

ALLEN, Justice.

This is an appeal from a conviction for voluntary manslaughter. Punishment was assessed by the jury at twenty years.

Appellant raises three grounds of error. Appellant contends that the court committed fundamental error by omitting all reference to apparent danger in applying the law of self defense to the facts. Further, appellant argues that the evidence is insufficient to support the conviction and that the court erred in entering its finding that appellant used a deadly weapon in this cause. We reform the judgment as to the deadly weapon fact finding and affirm the conviction.

 We will consider appellant's contention with regard to the self defense issue first. When fundamental error in the jury charge is urged, it must be determined whether the error was calculated to injure the rights of the defendant, or whether he has been denied a fair trial. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). Further, the charge must be read as a whole. We have examined the court's charge as a whole and we find that it is sufficient to properly instruct the jury on the law of self defense, including real and apparent danger, so as to insure the defendant a fair trial. *Smith v. State*, 541 S.W.2d 831, 839 (Tex.Cr.App.1976). The charge given by the court in the instant case is substantially the same charge as that approved by the Court of Criminal Appeals in *Thomas v. State*, 599 S.W.2d 812, 814 (Tex.Cr.App.1980), and is similar to the charge held to be sufficient in *Valentine v. State*, 587 S.W.2d 399, 400–01 (Tex.Cr.App.1979). The first ground of error is overruled.

 Next the appellant contends that the evidence is insufficient to support the conviction for voluntary manslaughter. The appellant argues that he has established, as a matter of law, that he acted in self defense. Appellant admits that in order for a reviewing court to hold, as a matter of law, that a defendant in a homicide prosecution killed in self defense, the evidence must be uncontradicted and no issue thereon presented for the jury's determination. *Whitfield v. State*, 492 S.W.2d 502, 504 (Tex.Cr.App.1973). Such is not the case before us. It is uncontradict-

ed that there was a fully loaded gun in the deceased's jacket when the police arrived. In his written statement, the appellant said that when the deceased reached for his gun, appellant started shooting at the deceased. Appellant testified at trial that the deceased pulled his gun and raised it up at him, which caused appellant to fire shots at the deceased. Further, the evidence shows that officers Schumann and Smith saw the appellant chasing the deceased, firing shots toward him from some twelve to fifteen feet behind. Benny Jones testified that appellant had told him to tell his brother Wilmer Jones, the deceased, to stop "fooling" around the way he does, or that he (the appellant) was going to blow his brains out. When the police arrested appellant, his handgun had four fired pistol bullets and two live rounds of ammunition. The pathologist testified that the only wound found in the body of the deceased was from a bullet which entered into the back of deceased's head. The evidence is sufficient to make out a prima facie case of murder. It appears that in this case the evidence raised the issue of self defense as a fact issue which was submitted to the jury and resolved against the appellant. *Appleman v. State*, 531 S.W.2d 806, 808–09 (Tex.Cr. App.1975). We reject appellant's claim that self defense on his part was established as a matter of law.

In his last ground of error, appellant complains that the trial court erroneously entered its finding that the appellant used or exhibited a deadly weapon in this cause.

Appellant acknowledges that the indictment in this cause, alleging murder, alleges in part that appellant caused the death of the decedent "by shooting" the decedent "with a handgun, a deadly weapon." Appellant further acknowledges that the court's charge defined "deadly weapon," and that in the jury instructions concerning voluntary manslaughter, the instructions required the jury to find, if it so believed, that the appellant did cause the decedent's death by shooting the decedent "with a handgun, a deadly weapon." He also acknowledges that the court's charge defined

"handgun," "deadly weapon," and "firearm" as follows:

Handgun means any firearm that is designed, made or adapted to be fired with one hand.

Deadly weapon, as used in this charge, means a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Firearm means any device designed, made or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.

The verdict form, which was signed by the jury foreman provided:

"We, the jury, find the defendant guilty of the lesser included offense of voluntary manslaughter, as included in the indictment.

■ TEX.CODE CRIM.PROC.ANN. art. 42.12 Sec. 3f(a)(2) (Vernon 1979) in pertinent part provides:

Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

Appellant contends that the statute requires that the jury as the fact finder had the responsibility of specifically and affirmatively finding that the appellant used or exhibited a deadly weapon in order for it to be included in the judgment. He contends further that the trial court was without authority to enter the affirmative finding. We agree with appellant that in a jury trial, the jury, not the court, is the fact finder. *Ex parte Thomas,* 638 S.W.2d 905, 906–07 (Tex.Cr.App.1982) *(en banc).* Although the statute does not make it clear as to who is to make the "affirmative finding", the

Court of Criminal Appeals has held that when the jury is the trier of facts, the "affirmative finding" as to whether a firearm was used or exhibited during the commission of the offense must be made by the jury. *Ex parte Moser,* 602 S.W.2d 530, 532 (Tex.Cr.App.1980). In *Moser* the indictment alleged the offense of murder "by shooting ... with a pistol" and the jury returned a verdict of "guilty of murder as charged in the indictment" and made no other findings. The trial court included in the judgment the following paragraph:

The jury verdict in this case being an affirmative finding that the defendant is convicted of a felony of the first degree and that he used a firearm during the commission of the offense and *the court further also affirmatively finding* that the defendant is convicted of a felony of the first degree and *that he used a firearm in the commission of the offense* and the defendant having been granted probation, the Court accordingly, under the provisions Art. 42.12.3f(b) of the Code of Criminal Procedure, orders that the defendant be confined in the Texas Department of Corrections for not less than sixty (60) nor more than one hundred twenty (120) days. [Emphasis added.]

In answer to Moser's argument that there was no "affirmative finding" of use of a firearm as required by V.A.C.C.P. art. 42.12, § 3f(b), the Court of Criminal Appeals held that "the verdict necessarily included a finding that the [defendant] committed murder by shooting the individual with a pistol" and, therefore, "amount[ed] to an affirmative finding that the [defendant] used a firearm in the commission of the offense." *Moser,* 602 S.W.2d at 533.

In essence, the *Moser* opinion says that in a case where the indictment alleges that a firearm was used in the commission of the offense, and the jury returns a verdict of guilty as charged in the indictment, the jury has, in effect, made an "affirmative finding" as prescribed by art. 42.12, § 3f(b).

■ Though we find it to be error for the trial court to make an "affirmative

finding" as to the use of a deadly weapon by a defendant in a case tried before a jury, we hold that it was harmless error in the instant case. Under the authority of the *Moser* case, we hold that, because the indictment alleged that the appellant caused the death of the decedent by shooting the decedent with a handgun, a deadly weapon, the jury's verdict of "guilty of voluntary manslaughter as included in the indictment" is sufficient to reflect an affirmative finding that a handgun deadly weapon was used in the commission of the offense and is sufficient to satisfy the statutory requirements of art. 42.12 § 3f(a)(2). Further, because art. 42.12 § 3f(a)(2) requires that "[u]pon an affirmative finding ... the court shall enter the finding in its judgment," such finding must be properly entered in the judgment. Therefore, because this court has the power to reform and correct the judgment as the law and nature of the case may require, TEX.CODE CRIM.PROC.ANN. art. 44.24(b), and because we have before us the same information for reforming or correcting the judgment as the trial court would have if we reverse and remand, we hereby reform and correct the judgment to reflect the fact that the jury, not the trial court, made the affirmative finding. *Barecky v. State*, 639 S.W.2d 943, 945 (Tex.Cr.App.1982). Accordingly, we order the affirmative finding entered in the judgment to-wit: "The court finds that the defendant herein used and exhibited a deadly weapon during the commission of said offense" be stricken from the judgment and substitute therefor the following: "By its verdict, the jury made an affirmative finding that the defendant did use a handgun, a deadly weapon, in the commission of the offense of voluntary manslaughter as included in the indictment." *Reed v. State*, 649 S.W.2d 357, 359–360 (Tex.App.—Ft. Worth 1983, no pet.).

As reformed, the judgment is affirmed.