Geary **RUSHTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–392–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 10, 1985.

Michael James Krueger, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before DORSEY, UTTER and SEER-DEN, JJ.

## OPINION

DORSEY, Justice.

Appellant was found guilty by a jury of murder and was sentenced to life imprisonment and assessed a $10,000 fine.

Appellant's first ground of error alleges that the trial court erred in failing to suppress evidence obtained from appellant as the result of promises of benefit made by the District Attorney's office. Appellant argues that his oral statement and all evidence obtained because of his statement are inadmissible "fruits of the poisonous tree". *See Pitts v. State*, 614 S.W.2d 142 (Tex.Crim.App.1981). The statements of appellant were not introduced into evidence; rather, evidence was discovered by law enforcement officers as a result of disclosures made by him.

The partially decomposed body of a woman, later determined to be Rochelle Roby, was discovered on a deserted portion of Padre Island on March 5, 1984. Wild animals had inflicted damage on portions of the body. Various leads were explored by law enforcement officers, but the investigation had come to a standstill by March 28, 1984. The appellant was not a suspect.

During the morning of March 28, the appellant was found guilty of indecency with a child by a jury, and had elected to have the jury set his punishment, which, through enhancement, would range from 5 to 99 years, or life. Two burglary indictments were also pending against the appellant at that time.

Appellant's attorney in the indecency with a child case, Mr. Ron Barroso, contacted the District Attorney's office at the behest of his client in the late morning of March 28, and indicated that his client was a witness to the Roby murder. A bargain was struck between appellant and his attorney and the State, represented by its Assistant District Attorney, early that same afternoon. Before the appellant gave any information, it was agreed that, if Rushton was truthful and his story was supported by the physical evidence and if he had not participated in the murder, the District At-

torney would dismiss the pending burglary charges and recommend probation in the indecency with a child conviction. Omitting the particular details, the State promised that Rushton would not go to prison if he kept his end of the bargain.

After securing the agreement, Rushton and his attorney met with Assistant District Attorney Bill May and several police officers, who were familiar with the investigation, during the afternoon of March 28. The next day, the appellant accompanied police officers to the scene of the crime. Upon returning to the police station, the appellant was arrested for the murder of Rochelle Roby at the direction of Assistant District Attorney May, and then warned of his *Miranda* rights.

The information given by the appellant lead to the seizure in Dallas, Texas, of his automobile in which the victim rode, the location of Rochelle Roby's car in Kingsville, the location and arrest of the accomplice, Carl Lackey, as well as other peripheral witnesses.

Mr. May testified that he knew immediately upon hearing appellant's story that something was wrong because the story did not comport with the physical evidence. Through information given by the appellant, authorities located and questioned Carl Lackey, who had been identified by appellant as the perpetrator, and whose version of the facts was consistent with the physical evidence.

■ The promise of benefit rule states that an incriminating statement is rendered inadmissible if it is induced by promises which are (1) positive, (2) made or sanctioned by someone in authority, (3) of some benefit to the accused, and (4) of such character as would be likely to influence the accused to speak untruthfully. *Hardesty v. State*, 667 S.W.2d 130 (Tex.Crim. App.1984); *Washington v. State*, 582 S.W.2d 122 (Tex.Crim.App.1979); *Fisher v. State*, 379 S.W.2d 900 (Tex.Crim.App.1964); *See* TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). This policy is intended to protect innocent parties from being coerced into confessing to crimes they did

not commit by making such involuntary confessions inadmissible. *See Washington v. State*, 582 S.W.2d 122 (Tex.Crim.App. 1979); *Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Crim.App.1964).

■ *Hardesty* and the other "promise of benefit" or "induced confession" cases cited herein are inapplicable to the case at bar. Article 38.22 of the Code of Criminal Procedure, upon which this rule is based, specifically excludes from its restrictions all statements that do not stem from custodial interrogation and all voluntary statements. The statement made by appellant was not custodial and was certainly voluntarily made, as the appellant contacted law enforcement officers in anticipation of making a "deal."

In *Brooks v. State*, 580 S.W.2d 825 (Tex. Crim.App.1979), appellant voluntarily went to the police station to offer information about multiple murders committed by Elmer Wayne Henley, Jr. and Dean Corll after hearing on the news that Henley shot Corll. Defendant had not been suspected of any involvement in the murders and was free to go when he completed his statement. The Court of Criminal Appelas held that defendant's statement was not the result of a custodial interrogation and was not barred by Article 38.22 of the Code of Criminal Procedure. Such was also the case when Geary Rushton gave his statement to Assistant District Attorney Bill May. Appellant's first ground of error is overruled.

Appellant's second ground of error complains of the admission of evidence of extraneous offenses, specifically, evidence of an unrelated criminal case in the 319th District Court of Nueces County, Texas, and activities that could be construed as an attempted escape.

Jose Longoria, an attorney from Corpus Christi, testified that he saw Rushton in court and heard his case called on May 21, 1984, approximately 8 weeks after Rushton's arrest for capital murder. Appellant's attorney objected, and the court ordered the jury to disregard. A motion for

mistrial was overruled. Mr. Longoria later testified that the appellant Rushton was in the custody of Sheriff's deputies while in court that day. Objection was made, which was overruled. Longoria said that he later observed Rushton outside the courtroom unaccompanied by a bailiff or sheriff's deputy. Assistant District Attorney Larry Coffey testified that he and a deputy sheriff saw the appellant, who should have been in custody, get into an elevator, and they took appellant into custody again.

In this ground of error, appellant complains of the admission of several bits of evidence. The first testimony that he complains of is Mr. Longoria's statement that he heard Rushton's name called on a case in the 319th District Court and that the appellant was in court that day in custody of law enforcement officers. We hold that the evidence complained of does not necessarily raise the inference that the appellant was charged with other extraneous offenses; however, if it did, the court's instruction to the jury to disregard cured any such implication of an extraneous offense. *Kelley v. State,* 677 S.W.2d 34, 36 (Tex.Crim.App.1984); *Davis v. State,* 642 S.W.2d 510, 512 (Tex.Crim.App.1982).

Appellant also complains of the evidence of Rushton stepping into an elevator in the courthouse not accompanied by law enforcement officers and being taken from the elevator by a deputy sheriff as being evidence of an attempted escape. The testimony was introduced without objection on that basis, although objections were interposed as hearsay, leading, etc. The ground of error was not properly preserved for appeal. *Beck v. State,* 682 S.W.2d 550, 553 (Tex.Crim.App.1985); *Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim.App.1983).

Evidence of escape from custody and flight is generally held to be admissible on the issue of guilt, even though it may show the commission of other crimes. *Thompson v. State,* 652 S.W.2d 770 (Tex.Crim.App.1981); *McWherter v. State,* 607 S.W.2d 531 (Tex.Crim.App.1980); *Whittington v. State,* 580 S.W.2d 845 (Tex.Crim.

App.1979). To have such evidence excluded, the defendant must affirmatively show "that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial." *Hodge v. State,* 506 S.W.2d 870, 873 (Tex.Crim.App.1973). *See Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Crim.App.1982). Appellant did not attempt to meet the burden imposed by *Hodge.*

Appellant's second ground of error is overruled.

Appellant's third ground of error alleges that the trial court erred in failing to instruct the jury on the lesser included offenses of involuntary manslaughter and criminally negligent homicide.

A two part test is used to determine whether a charge on a lesser included offense is required. First, the elements of the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Salinas v. State,* 644 S.W.2d 744, 745 (Tex.Crim.App.1983). The court must consider all of the evidence and if it raises an issue that a lesser included offense may have been committed then the instruction must be submitted to the jury. *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App.1984).

Appellant was found guilty of intentionally or knowingly causing the death of Rochelle Roby by asphyxiating her. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result. A person acts knowingly when he is aware of the nature of his conduct and is aware that his conduct is reasonably certain to cause the result. *See* TEX.PENAL CODE ANN. § 6.03(a), (b) (Vernon 1974).

Involuntary manslaughter requires a lesser culpable mental state and is by definition a lesser included offense of murder. Criminally negligent homicide is a lesser included offense of involuntary manslaugh-

ter. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App.1984). Involuntary manslaughter occurs when someone recklessly causes the death of another. A person acts recklessly when he is "aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX.PENAL CODE ANN. §§ 6.03(c) and 19.05(a)(1) (Vernon 1974). Criminally negligent homicide occurs when someone causes the death of another by criminal negligence which occurs when the actor "ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX.PENAL CODE ANN. §§ 6.03(d) and 19.07 (Vernon 1974).

The evidence of the circumstances of the victim's death comes from Carl Lackey, who accompanied the appellant. The appellant and Carl Lackey met Rochelle Roby at a bar and offered to share cocaine with her. The three left the bar in appellant's car and the appellant drove to Padre Island. Ms. Roby protested going to Padre Island, began crying and asked that she be returned to her car. Lackey and the appellant began talking about partying and having sex with Ms. Roby who told them that she didn't want to have sex with them, she just wanted to be taken back. After parking in a deserted area, the appellant had sexual intercourse with her while Lackey stood alongside the car. Lackey then had intercourse with her, during which the victim did not move or speak. When Lackey was finished, appellant had anal intercourse with her, holding the end of a rope in each hand, "riding her like a horse". Afterwards, appellant dragged her body out of the car and dumped her face down by some water.

The medical examiner testified that the cause of death was asphyxiation. Although Lackey did not testify as to the rope being around the victim's neck during the final assault, the jury could properly infer, as the State argued, that the rope was the means of strangulation.

■ Appellant did not testify and there was no evidence that the appellant's mental state was of a lesser culpability than that required to prove murder. The circumstances of the crime itself often raise an issue of lesser mental state; however, in the instant case, we can find no such mitigating circumstances. The trial court did not err in denying appellant's requested charges on the lesser included offenses of involuntary manslaughter and criminally negligent homicide. Appellant's third ground of error is overruled.

Appellant's fourth ground of error complains of the admission of photographs of the deceased taken at the scene of the murder. Rochelle Roby's body was found on Padre Island approximately five days after her murder. The body had apparently been disturbed by predators in that large amounts of flesh were missing from the arm, neck, skull, and upper torso, and one arm was detached from the rest of the body. Appellant complains that the trial court abused its discretion in admitting the five photographs which depicted the location and the condition of the body. Appellant contends that the photographs were not relevant to any issue at trial and were offered solely to inflame the minds of the jurors and argues that *Terry v. State*, 491 S.W.2d 161 (Tex.Crim.App.1973) is controlling.

The medical examiner testified that the body was severely decomposed and had been attacked by coyotes. He found petechial hemorrhage in the heart that was consistent with asphyxiation; there were no lethal injuries evidenced on the undamaged portion of the body; but because of the damage to the neck area by predators, he was unable to determine the means of asphyxiation, whether by cutting of the throat or strangulation by ligature or by hands.

■ The photographs were offered by the State in order to identify the body, to illustrate and clarify the medical examiner's testimony as to the cause of death, and to corroborate Carl Lackey's description of how the murder occurred.

[I]f a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible. *Martin v. State,* 475 S.W.2d 265, 267 (Tex.Crim.App.1972).

Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error alleges that the prosecutor indulged in improper jury argument by commenting on appellant's failure to testify.

A prosecutor cannot comment on a defendant's failure to testify. Such would violate both our State and Federal Constitutions and Article 38.08 TEX.CODE CRIM.PROC.ANN (Vernon 1979). To determine whether a statement was a comment on a defendant's failure to testify, "the language of such a statement must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify." *Short v. State,* 671 S.W.2d 888, 890 (Tex.Crim.App. 1984). An implied or indirect allusion to defendant's failure to testify will not be reversible error. *Hawkins v. State,* 660 S.W.2d 65 (Tex.Crim.App.1983). The facts and circumstances of each case must be examined to determine whether the language used was such a prohibited comment. *Short,* 671 S.W.2d at 890.

During his closing argument, the prosecutor made the following argument:

MR. MAY: That is an oath that I took when I became a prosecutor, and I have been one for five years. If Geary Rushton came up there and voluntarily told us his side of the story in the office—*and you haven't heard what that story was, incidentally, did you?*

MR. FUGATE: Your Honor, I am going to object to that comment.

THE COURT: Sustained.

MR. FUGATE: I request the Court instruct the jury to disregard it.

THE COURT: The jury is so instructed.

MR. MAY: Ladies and gentlemen—

MR. FUGATE: Your Honor, also at this time I move for a mistrial.

THE COURT: Overruled.

MR. MAY: Ladies and gentlemen, he told you on argument that he comes—voluntarily comes into my office. After he told me his story, that I turn on him and decide to give him the death penalty. That is what he told you in the office. Now, tell me what, folks? Why would I do that? Why did that happen?

Why is Geary Rushton sitting in this chair and not Carl Lackey? Because Carl Lackey, when he was arrested, told us the truth about the murder of Rochelle Roby. If we didn't believe Carl Lackey when he was picked up and gave that confession, Carl Lackey would be sitting in this chair today, not Geary Rushton. [Emphasis added.]

A reading of the entire jury argument of both sides shows that the prosecutor's argument was invited by earlier argument of appellant's attorney. Earlier, the defense counsel had argued the following:

... [Officer Willie Ruiz] was present when Geary came forward on his own, voluntarily, and told the police of this incident.

\* \* \* \* \* \*

[Officer John Messer] testified to you that he got a call to come to the District Attorney's office; that Geary Rushton was there with Assistant District Attorney Bill May, Sergeant Broughton and himself; that Geary told them that Carl Lackey committed this crime, told them where they could find him or where he was living last, took them to the car, helped them, assisted them in trying to solve this matter. That was John Messer's testimony.

\* \* \* \* \* \*

... and certainly there is no justice in this courtroom today, or not justice in

what they have done to Geary Rushton. He came to help them, and what did they do?  They turned on him, and now they want to kill him.

In order for the prosecutor's comment to be error, it must be a direct and not an indirect allusion which might refer to the defendant's failure to testify. *Hawkins v. State,* 660 S.W.2d 65, 79 (Tex. Crim.App.1983).  We find that the complained of argument was an invited response to defense counsel's references to the story "Geary came forward on his own, voluntarily, and told the police" before "they turned on him." *See Allen v. State,* 693 S.W.2d 380 (Tex.Crim.App.1984) (Opinion on State's Motion for Rehearing).  We conclude that the argument was not such that the jury would naturally and necessarily take it as a comment on Rushton's failure to testify.  Assuming arguendo that the comments were a reference to appellant's failure to testify, we find that the court's instruction to disregard was sufficient to cure the error, if any.  *Hawkins v. State,* 660 S.W.2d 65, 79 (Tex.Crim.App. 1983); *Alvarez v. State,* 478 S.W.2d 450, 452 (Tex.Crim.App.1972).  Appellant's fifth ground of error is overruled.

The judgment of the trial court is AFFIRMED.