**Gerald Rodger SORENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–017–CR.**

Court of Appeals of Texas, Texarkana.

April 8, 1986.

See also, Tex.App., 709 S.W.2d 319.

Richard C. Mosty, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

CORNELIUS, Chief Justice.

Gerald Sorenson was convicted of murder in the death of Marie Denise Walker. The trial court assessed punishment at life imprisonment.

The sufficiency of the evidence to support the judgment is not challenged, but Sorenson contends his written and oral inculpatory statements should have been suppressed because he was without counsel

when they were made, and that a mistrial should have been declared because the prosecutor improperly commented on Sorenson's failure to testify.[1]

■ The body of Marie Denise Walker was found in her mobile home on February 2, 1984. She had been raped and shot. On February 24, 1984, Sorenson was indicted for murder. He was arrested in New York and returned to Texas. On February 27, 1984, Sheriff Pickett and a Texas Ranger brought Sorenson out of his cell for questioning. He was given his *Miranda*[2] warnings whereupon he advised the officer that he wanted to talk to a lawyer. The questioning then ceased and he was taken back to his cell. Two or three hours later, after Sorenson had talked with his father, he asked Jay Easterwood, a jail trusty, if the sheriff was in the jail and said he wanted to talk to him. The sheriff was called and Sorenson was taken to a room where the sheriff and the Texas Ranger were waiting. As Sorenson entered the room and before anything else was said he said, "I killed her" or "I shot her". The sheriff then told Sorenson they needed "the details," and the statement which was taken in writing was then made.

Once an accused indicates he desires the assistance of counsel, all interrogation of him must cease and any statement thereafter made must be suppressed unless he makes a voluntary and knowing waiver of his right to have counsel present. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The *Edwards* rule is not violated, however, when the accused himself initiates further communications with law enforcement officers, and his statements are admissible in evidence if the totality of the circumstances shows that he made an intelligent and voluntary waiver of his right to counsel. *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830,

77 L.Ed.2d 405 (1983); *Edwards v. Arizona*, supra. In this case the evidence shows that after receiving his *Miranda* warnings Sorenson asked for an attorney and the interrogation ceased; he talked to Easterwood and said he didn't know what he was going to do, but thought he might talk to a lawyer; that after he talked to his father, he requested to talk to the sheriff and immediately upon seeing the sheriff he volunteered the statement "I killed her," after which he voluntarily gave a complete statement. It had only been two to three hours after he had been given the *Miranda* warnings. There is no evidence of coercion and no suggestion of improper conduct by the officers. This evidence establishes, we think, that Sorenson freely and intelligently waived his right to have counsel present when he made the statements. *Oregon v. Bradshaw*, supra; *Labarge v. State*, 681 S.W.2d 261 (Tex.App.—San Antonio 1984, no pet.).

■ The alleged improper prosecutorial argument was:

[MR. GELSONE:] Those are parts of the elements of the offense. The only thing that's controverted—all of the elements—There is nothing to controvert any of the elements of the offense. And the only thing the defense has to offer— It admits the State has proved everything, and just questions intent. There's been a discussion about there is no one present from that occurrence who was there to testify. That's right. Gerald Sorenson murdered Denise; she can't be here to testify.

MR. MOSTY: Your Honor, I'm gonna object to that argument as being a comment upon the failure of the Defendant to testify.

THE COURT: Sustained.

---

1. This cause and Cause No. 6–86–019–CR, a conviction for aggravated sexual assault, are companion cases on appeal to this Court. Counsel are the same in both appeals. The argument complained of was made only in the murder case, but Sorenson raises the point and the State responds to it in the sexual assault case and not in the murder case. This appears to be an error in the parallel briefs and we will consider that counsel intended to raise the ground in the murder case.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

MR. MOSTY: I would ask the jury to be instructed to disregard the statement.

THE COURT: The jury is so instructed.

MR. MOSTY: And I would move for a mistrial.

THE COURT: Denied.

Sorenson contends the argument was an impermissible comment on his failure to testify. We disagree. Defense counsel had previously argued to the jury the following:

There's a big gap in this, and nobody knows what happened in that trailer at the time that Ms. Walker died. Now there just isn't any testimony on that.

. . . .

There's an unexplained part of what happened that night. No matter how terrible what happened was, there's a gap, and nobody knows, and there's no proof about what was happening when the bullet left that gun. We don't know that; the State doesn't know it. They've got theories. I've got theories. But what's the proof? What is happening when the gun went off? Who knows?

The prosecutor's response was clearly invited, and at most it only told the jurors essentially what defense counsel had already told them. *See Allen v. State*, 693 S.W.2d 380 (Tex.Crim.App.1984); *Rushton v. State*, 698 S.W.2d 451 (Tex.App.—Corpus Christi 1985, no pet.). If it can be said that the comment was error, we find that because the court instructed the jury to disregard the comment, and the evidence of Sorenson's guilt was overwhelming, the argument was harmless beyond a reasonable doubt.

The State has filed a motion requesting that in compliance with Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1986), we reform the judgment to include an affirmative finding that Sorenson used a deadly weapon during the commission of the offense. The jury verdict did not contain a specific finding that a deadly weapon was used, but the indictment upon which Sorenson was tried alleged that he caused the death of Marie Denise Walker by "shooting her with a firearm, to-wit, a gun," and the court's charge required the jury, if it convicted Sorenson, to find that he caused her death by "shooting her with a firearm, to-wit, a gun." The verdict found Sorenson "guilty as charged in the indictment." Thus, the jury verdict necessarily included a finding that Sorenson committed murder by shooting the victim with a firearm, which is a deadly weapon. *Ex parte Moser*, 602 S.W.2d 530 (Tex.Crim.App.1980); Tex. Penal Code Ann. § 1.07(a)(11) (Vernon 1974). Article 42.12, § 3g(a)(2) requires that upon an affirmative finding that a firearm was used the court shall enter the finding in its judgment. Because this Court has the power to reform and correct a judgment as the law and nature of the case may require, Tex. Code Crim.Proc.Ann. art. 44.24(b) (Vernon Supp.1986), and because we have before us the same information for reforming the judgment as the trial court would have if we were to reverse and remand the case, we hereby reform the judgment to include therein the following affirmative finding: "By its verdict, the jury made an affirmative finding that the defendant did use a firearm in the commission of the offense of murder as included in the indictment." *Else v. State*, 666 S.W.2d 251 (Tex. App.—Dallas 1984, pet. ref'd).

The judgment, as reformed, is affirmed.