# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================================

## OPINION ON RECONSIDERATION ON
## PETITION FOR DISCRETIONARY REVIEW

========================================

### NO. 03-06-00683-CR

**Mark William Ivey, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
## NO. 695180, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

# D I S S E N T I N G   O P I N I O N

Because I conclude that the trial court erred and was without authority to set aside the jury's verdict assessing punishment and *sua sponte* place appellant on probation, I respectfully dissent.

The right to trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by the Texas Constitution. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 15; *see also* Tex. Code Crim. Proc. Ann. arts. 1.05, .12 (West 2005). It is well established, however, that the constitutional right to trial by jury does not encompass the right to have a jury assess punishment. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006); *Tinney v. State*, 578 S.W.2d 137, 138 (Tex. Crim. App. 1979). But in

Texas an accused does have a statutory right to have the jury assess punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West 2006); *Washington v. State*, 677 S.W.2d 524, 527 (Tex. Crim. App. 1984), *overruled on other grounds by Bell v. State*, 994 S.W.2d 173 (Tex. Crim. App. 1999); *Sterry v. State*, 959 S.W.2d 249, 257 (Tex. App.—Dallas 1997, no pet.). This valuable right may not be taken away without due process of law. *Ex parte Moser*, 602 S.W.2d 530, 533 (Tex. Crim. App. 1980) (legislature having statutorily created assessment of punishment by jury may alter or abolish procedure within bounds of due process and other constitutional procedures), *overruled on other grounds by Polk v. State*, 693 S.W.2d 391 (Tex. Crim. App. 1985). Due process involves fundamental notions of fair play and justice. *See Armstrong v. State*, 897 S.W.2d 361, 368 (Tex. Crim. App. 1995). If a jury assesses a punishment authorized by law, the trial court has no power to change that punishment.

Appellant duly and timely filed his written election to have the jury assess punishment. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b)(2) (West 2006).[1] The same jury that found appellant guilty of a class B misdemeanor of driving while intoxicated was the trier of fact at the punishment phase of the trial.

Appellant testified at the hearing that he had never been arrested before, had no criminal record, had rejected the State's earlier offer of probation, and did not want probation. The jury returned its verdict assessing appellant's punishment at 35 days in the county jail and a fine of $2,000. The verdict was received by the trial court. The jury was then discharged and instructed to proceed to the jury room where the trial judge said she would meet with them and answer questions.

---

[1] Appellant did not file a sworn motion for probation asking the jury to grant probation. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b)(1) (West 2006). There was no issue of probation before the jury at the penalty stage of the trial.

2

Returning to the bench after meeting with the jury and a brief recess, the trial court repeated the verdict of the jury and announced that "[u]nder the powers that exist for judges in the Code of Criminal Procedure, I am going to instead place Mr. Ivey on probation." The trial court, "after speaking with the jury," stated that it was the jury's "intent" that appellant receive "some services in the community." The trial court then announced that it was probating the "jury's sentence" to two years' probation, probating $1,500 of the fine, and ordering as a "condition of probation" that appellant serve 30 days in jail, complete 60 hours of community service, and have an "ignition interlock" installed.

The trial court was without authority under the law to substitute the court as the trier of fact as to punishment under the circumstances. Although article 42.12, section 3 of the code of criminal procedure gives a trial court authority to order probation in limited circumstances, nothing in that provision gives the trial court the authority exercised here, nor has the statute been so interpreted. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West 2006). Because appellant was deprived of his valuable statutory right to have the jury decide his punishment, I would reverse and remand the cause to the trial court to have a judgment entered based on the jury's verdict.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: October 19, 2007

Publish