

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00191-CR

TUAN NGUYEN                                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1318975R

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

A jury convicted Appellant, Tuan Nguyen (Tuan), in the shooting deaths of

Binh Quoc Lam (Lam) and Nhan Tran (Tran) and sentenced him to life in prison.

In three issues Tuan appeals his conviction. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. Statement of Facts

The night of October 13, 2010, Tran's uncle, Thien Nguyen (Uncle Nguyen) picked up Tran, and they headed to Saigon Nights nightclub in Arlington where they met up with Lam and some other acquaintances. While at the nightclub, Hai Van Phan (Phan) arrived to talk to Lam about Tuan disrespecting Phan. Lam then called Tuan, who was at a gambling house in Haltom City. Lam accused Tuan of disrespecting Phan; he told Tuan not to leave the gambling house before he arrived, and if he did, Lam had better not catch Tuan in Haltom City again.

A short time later, Uncle Nguyen, Phan, Lam, and Tran arrived at the gambling house where they met Tuan outside; an altercation broke out between Lam and Tuan. Lam hit Tuan and pointed a gun at Tuan's head; an intoxicated Lam[2] then told Tuan he was going to shoot him.[3] Uncle Nguyen intervened to break up the fight and got the gun from Lam. Lam and Tuan continued to fight, and Lam was knocked to the ground. Uncle Nguyen testified that he saw a friend of Tuan's come around a corner and start shooting in the direction of Lam, so Uncle Nguyen ran to hide in some bushes. Both Uncle Nguyen and another

---

[2]A witness testified during trial that Lam was so intoxicated he was barely able to stand upright.

[3]Uncle Nguyen witnessed the entire altercation and testified as such during the trial.

witness testified that while Lam was lying on the ground, Tuan drew his gun from behind his back and shot Lam in the back of the head.[4]

During the fight, Phan ran and got into the passenger seat of a nearby white Lexus. After shooting Lam, Tuan walked over to the Lexus. According to Tuan, when he approached the Lexus, Phan was looking for what Tuan believed was a gun, so he shot him five times. While Tuan was shooting Phan,[5] someone was shooting at Tuan from the area where Tran's body was later found, and Tuan returned fire to that area.[6] According to Tuan, after returning fire, he ran out of bullets, returned to the area of the Lexus, reloaded, and returned fire when someone shot at him again.

Tuan then ran toward Tran and Uncle Nguyen and shot Tran.[7] Uncle Nguyen began shooting at Tuan, hitting him in the stomach, and then drove away

---

[4]According to the deputy medical examiner, an examination of Lam's back-of-the-head entry wound showed that when Tuan fired the shot, the barrel of the weapon was about half an inch or so away from the skin, resulting in a loose-contact or near-contact wound.

[5]Phan died from his injuries.

[6]During Tuan's testimony he stated that once he shot Phan someone started shooting at him from behind so he had "to continue [his] action until [he wasn't] mad and angry anymore."

[7]Tuan's testimony differs from Uncle Nguyen's in that according to Tuan he shot randomly in their direction because someone was shooting at him, and he did not walk directly toward them. Tuan said it may have been Uncle Nguyen shooting from the location where Tran's body was later located.

when his pistol was empty.[8]  A witness testified that he heard Tran calling for Uncle Nguyen after he was shot but that Uncle Nguyen had run away.  The witness also heard Tuan go back and shoot Tran again after Tran begged for his life; Tuan told Tran that he had no business being there that night.  Tuan admitted causing the deaths of Lam and Tran.[9]

In this case, the indictment's first count alleged that Tuan, on or about October 13, 2010, did "then and there intentionally cause the death of an individual, . . . Lam, by shooting him with a firearm and did then and there intentionally cause the death of an individual, . . . Phan, by shooting him with a firearm and both murders were committed during the same criminal transaction."  *See* Tex. Penal Code Ann. § 19.03(a)(7) (West 2011 & Supp. 2014).  The trial court submitted lesser-included offense instructions regarding just the murders of Lam and Phan individually.  *See id.* § 19.02 (West 2011); *Moore v. State*, 969 S.W.2d 4, 11–12 (Tex. Crim. App. 1998) (holding that when evidence might support finding defendant killed one victim in self-defense, yet murdered second victim without justification, lesser-included offense instruction regarding murder of just second victim is appropriate).

---

[8]According to Tuan's version of the events, Uncle Nguyen shot him in the stomach during his altercation with Lam, not after he had shot Tran the first time.

[9]Tuan admitted that after he shot Lam he shot Phan, stating "either I die or they die."

The indictment's second count charged Tuan with intentionally or knowingly causing Tran's death "by shooting him with a firearm." The indictment's second paragraph charged that Tuan "intentionally, with intent to cause serious bodily injury to. . . Tran, commit[ted] an act clearly dangerous to human life, namely, shooting him with a firearm, which caused the death of. . . Tran." *See* Tex. Penal Code Ann. §19.02(b)(2) (defining alternative method of committing murder as when the actor "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual").

The jury found Tuan not guilty of capital murder as charged in the indictment's first count and not guilty of the murder of Phan, but returned a guilty verdict with respect to the lesser-included offense of the murder of Lam. The jury also found Tuan guilty of murdering Tran as alleged in the indictment's second paragraph.

### III. Sufficiency of the Evidence

In his first issue, Tuan asserts that the evidence presented by the State at trial was insufficient to convict him of the murder of Lam because the evidence demonstrated he was acting in self-defense.

### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

5

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

The defendant has the burden of producing some evidence to support a claim of self-defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). After the defendant produces some evidence to support a claim of self-defense, the State bears the burden of persuading the finder of fact that the defendant did not act in self-defense. *Id.* ; *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991); *Dotson v. State*, 146 S.W.3d 285, 291 (Tex. App.—Fort Worth 2005, pet. ref'd).

To determine sufficiency of the evidence to disprove a nonaffirmative defense, the appellate court asks

> whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the [defensive] issue beyond a reasonable doubt.

*See Saxton*, 804 S.W.2d at 914 ; *see also Smith v. State*, 355 S.W.3d 138, 144–47 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (applying *Saxton* and *Zuliani* to the jury's rejection of the defendant's self-defense and defense-of-third-person theories). "[A] judge must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible." *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013).

6

## B. Self-Defense

According to the Texas Penal Code, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31 (West 2011). As to deadly force used,

> (a) A person is justified in using deadly force against another:
>
> . . . .
>
> > (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:
> >
> > > (A) to protect the actor against the other's use or attempted use of unlawful deadly force; or
> > >
> > > (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

*Id.* § 9.32(a)(2)(A)(B).

As was recounted, the evidence shows that Tuan walked over to the weaponless Lam, who was lying face down on the ground, and shot Lam in the back of his head with the pistol touching or nearly touching the skull. A person who shoots his weaponless victim in the back of the head when the victim is in a prone position is not a person who acts in self-defense. *See Else v. State*, 666 S.W.2d 251, 252 (Tex. App.—Dallas 1984, pet. ref'd) (holding that evidence of a victim that was shot from behind supports a jury's rejection of a self-defense

7

claim); *see also Gutierrez v. State*, No. 03-01-00703-CR, 2002 WL 1987959, at *2–3 (Tex. App.—Austin 2002 no pet.) (mem. op., not designated for publication) (same); *Munlin v. State*, No. 05-97-01553-CR, 1999 WL 732730, at *4 (Tex. App.—Dallas 1999, no pet.) (not designated for publication) (holding that evidence showing a victim shot in the back of the head at close range supported rejection of self-defense claim). A rational trier of fact could have found against Tran on his claim of self-defense for this reason. *See Saxton*, 804 S.W.2d at 914. Viewing the evidence in the light most favorable to the jury's verdict, legally sufficient evidence supports Tuan's self-defense claim. Tuan's first issue is overruled.

### IV. Self-defense Instruction

In his second and third issues Tuan asserts that the trial court erred by denying Tuan's request to include a self-defense instruction in the charge regarding the murder of Tran.

We are required to apply a two-step process in analyzing alleged charge error. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). We first determine whether error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

A defendant is entitled to an instruction on every defensive issue raised by the evidence regardless of the strength of the evidence. *Brown v. State*, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997). Defensive issues may be raised by the testimony of the accused or any other witness, including those called by the

8

State.  *See Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).  Moreover,

> [a] defendant is entitled to an instruction on the law of self-defense if there is some evidence that he intended to use force against another and he did use force, but he did so only because he reasonably believed it was necessary to prevent the other's use of unlawful force.

*Ex Parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004).

There is no evidence that Tran was ever armed on the occasion in question, and logically likewise no evidence that he was responsible for firing any shots at Tuan or anyone else.  Further, the evidence showed that (1) Tran begged for his life when Tuan approached him the second time, (2) Tuan told Tran he should not have come, he had no business there, and (3) Tuan then shot Tran again, killing him.  In short, all of the evidence shows that Tran was a nonparticipating, unarmed bystander.  It is axiomatic that the second time Tuan shot Tran, he could not have been defending himself against this wounded, unarmed bystander who was begging for his life.  The trial court did not err in rejecting the self-defense instruction request, and Tuan's second and third issues are overruled.

## V. Conclusion

Having overruled Tuan's three issues, we affirm the judgment of the trial court.

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 23, 2014