# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=======================================
## OPINION ON RECONSIDERATION ON
## PETITION FOR DISCRETIONARY REVIEW
=======================================

## NO. 03-06-00683-CR

**Mark William Ivey, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
## NO. 695180, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## O P I N I O N

We withdraw the unanimous opinion and judgment issued August 30, 2007, and substitute the following opinion, dissenting opinion, and judgment in its place.

Appellant Mark William Ivey appeals the trial court's decision to place him on two years' probation following his conviction for driving while intoxicated. We affirm.

Ivey was arrested and charged by information and complaint with the offense of driving while intoxicated. Before trial, Ivey elected to have the jury assess punishment in the event of a conviction. The jury found Ivey guilty. During the punishment phase of the trial, the State presented three witnesses who testified about the conditions of probation for the offense of driving while intoxicated and Ivey's eligibility for probation. Ivey testified that he was offered probation,

but that he would rather spend time in jail. The jury returned a verdict assessing thirty-five days in the Travis County Jail and a $2,000.00 fine. However, the trial court suspended imposition of the jury's sentence and placed Ivey on probation for two years. The trial court's order placed conditions on probation such as requiring Ivey to serve thirty days in the Travis County Jail, perform sixty hours of community service, report regularly to a probation officer, and attend counseling and education services.

Ivey's issues on appeal can be grouped into three general contentions. He asserts that the trial court erred by: (1) suspending imposition of sentence; (2) allowing testimony from three witnesses concerning the conditions of probation for the offense of driving while intoxicated and his eligibility for probation; and (3) imposing jail time as a condition of probation.

Ivey contends that the trial court erred by suspending imposition of the sentence and placing him on probation because he did not apply for jury recommended probation under article 42.12, section 4 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 4 (West 2006). Under that section, a defendant is eligible for jury recommended probation "only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true." *Id.* § 4(e). The trial judge is required to suspend the imposition of the sentence and place the defendant on probation if the jury makes that recommendation in the verdict. *See id.* § 4(a).

We agree with Ivey that he was ineligible for jury recommended probation under article 42.12, section 4 due to his failure to comply with the requirements of that section.

Nevertheless, the trial judge was authorized to suspend the imposition of the sentence and order probation under article 42.12, section 3 of the code of criminal procedure, which provides:

> A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on community supervision or impose a fine applicable to the offense and place the defendant on community supervision.

*Id.* § 3(a). Unlike article 42.12, section 4, which governs jury recommended probation, article 42.12, section 3 does not require the defendant to file a sworn motion to be eligible for probation. The trial judge may suspend the imposition of the sentence if the defendant has been convicted and it appears in the best interest of justice, the public, and the defendant to place the defendant on probation. *See id.*

In this case, the jury convicted Ivey of driving while intoxicated. Ivey testified during the punishment phase of the trial that he was not impaired despite a .165 blood alcohol level. He also stated, "Yes, I will drive again with alcohol in my system." After the jury returned its verdict sentencing Ivey to thirty-five days in the county jail plus a $2,000.00 fine, the trial court offered the following explanation for suspending the imposition of the sentence and placing Ivey on probation:

> Under the powers that exist for judges in the Code of Criminal Procedure, I am going to instead place Mr. Ivey on probation. After speaking with the jury, it is their intent that he receive some services in the community, and I think that that's appropriate to protecting the public interest of this community, that Mr. Ivey receive some counseling and is evaluated to make sure that there is no other problems that may prohibit him from moving forward at this point.

On this record, it appears that the trial court concluded that placing Ivey on probation would be in the best interest of justice, the public, and Ivey. We conclude that the trial judge was authorized

3

under article 42.12, section 3 of the code of criminal procedure to suspend the imposition of the sentence and place Ivey on probation.

The dissent argues that the trial court changed the punishment assessed by the jury in this case and that Ivey was, therefore, deprived of his statutory right to have the jury assess his punishment. However, the trial court did not change the jury's assessment of punishment. The trial court exercised its express statutory authority under article 42.12, section 3 to suspend the imposition of the sentence assessed by the jury, place Ivey on probation, and impose conditions on the probation authorized by article 42.12. If the trial court had imposed the sentence, it would have been the sentence found by the jury. However, the trial court did not impose the sentence but suspended it as authorized by statute. Simply because the defendant might prefer to have the jury's sentence imposed rather than have that sentence suspended and be placed on probation does not mean that the defendant has been denied a constitutional or statutory right.

It is well-established that a defendant's right to have a jury assess punishment is a statutory right rather than a constitutional right. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim App. 2006); *see* Tex. Code Crim. Proc. Ann. art. 37.07 § 2(b) (West 2006). Because the legislature has statutorily defined a defendant's right to have a jury assess punishment, the legislature may also enact other statutes limiting or modifying this right. *See Ex Parte Moser*, 602 S.W.2d 530, 533 (Tex. Crim. App. 1980), *overruled on other grounds*, *Polk v. State*, 693 S.W.2d 391 (Tex. Crim. App. 1985). In *Ex Parte Moser*, a jury convicted Henry Moser of murder, assessed punishment at ten years' confinement, and recommended that he be placed on probation. *Id*. at 532. The trial court entered a judgment placing Moser on probation and, pursuant to its authority under the statutory predecessor to section 3(g) (former article 42.12, section 3f(b)), ordered Moser confined in prison

4

for not less than 60 and not more than 120 days. *Id.* In his petition for habeas corpus relief, Moser argued that the trial court's application of former article 42.12, section 3f(b) to him violated his constitutional right to a trial by jury as well as his statutory right to have a jury assess punishment. *Id.* at 533. The court of criminal appeals concluded:

> We have held frequently that that right [to a jury trial] does not include any right to have a jury assess punishment. There is even less merit in the applicant's claim that the procedure violates a statutory "right" to have a jury assess punishment under the procedure created by V.A.C.C.P., Article 37.07. The Legislature having statutorily created assessment of punishment by the jury, the Legislature may alter or abolish that procedure (within the bounds of due process and other constitutional strictures). The enactment of subsection 3f(b) to give the trial court a power it did not previously possess did not infringe on the applicant's right to jury trial.

*Id.* (internal citations omitted). Under the rationale of *Moser*, the legislature may statutorily authorize a trial judge to suspend imposition of a sentence assessed by a jury.

The relevant provisions of article 42.12 expressly grant trial judges the power to suspend the imposition of sentence and place a defendant on probation even when the defendant has elected to have the jury assess what the punishment will be, if imposed. Section 1 of that article provides that "[i]t is the purpose of this article to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, . . . ." *Id.* § 1 (West 2006). Section 3 provides that a judge, in the best interest of justice, the public, and the defendant, may suspend the imposition of the sentence and place the defendant on probation. *Id.* § 3. Section 3(g) limits the scope of judge ordered probation, providing a laundry list of situations where the provisions of section 3 do not apply, including when a defendant is adjudged guilty of murder, capital murder, indecency with a child, aggravated kidnapping,

5

aggravated sexual assault, and aggravated robbery. *See id.* § 3(g) (West 2006). Ivey was not convicted of any of these offenses. Although none of the exceptions listed in section 3(g) apply to this case, the legislature's enactment of this section shows that it could have—but did not—prohibit judges from ordering probation in cases in which a defendant elects to have the jury assess punishment and does not request that the jury recommend probation. The statutory scheme applicable here gives the defendant the right to have the jury assess punishment. This was done. It also gives the trial judge the authority to suspend the punishment assessed by the jury "in the best interest of justice, the public, and the defendant." Tex. Code Crim. Proc. Ann. art. 42.12 § 3. This was also done. The trial judge exercised her authority as set out in the statute. Since there is not a constitutional right to have the punishment assessed by the jury imposed, the only issue before us is whether the trial judge acted within statutory bounds in suspending the jury's sentence and placing Ivey on probation. We conclude that the provisions of article 42.12 authorized the trial judge to suspend the sentence assessed by the jury and place Ivey on probation.

In his next group of issues, Ivey contends that the trial court erred by admitting testimony from three witnesses concerning the conditions of probation for the offense of driving while intoxicated and his eligibility for probation. We summarize the testimony in question as follows: Anna Marie De La Rosa, a Travis County probation officer, testified regarding the conditions of probation for the offense of driving while intoxicated. She explained to the jury that a defendant would not receive alcohol or substance abuse counseling if he were sentenced to "straight" jail time. Next, Ron Nelson, an employee at the Travis County Counseling and Educational Services, testified regarding the typical counseling requirements for a defendant placed on probation following a conviction for driving while intoxicated. Lastly, Bill Swaim, an assistant

6

Travis County Attorney, testified about the requirements for a defendant to be eligible for jury recommended probation under article 42.12, section 4 of the code of criminal procedure. He also testified regarding the mandatory conditions of probation for driving while intoxicated. On appeal, Ivey contends that the testimony from these three witnesses "was unfairly prejudicial and confused the issues before the jury." *See* Tex. R. Evid. 403.

Under article 37.07 of the code of criminal procedure, "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West 2006). "Relevant" evidence in the punishment context is that which helps the jury "tailor the sentence to the particular offense" and "tailor the sentence to the particular defendant." *Najar v. State*, 74 S.W.3d 82, 86 (Tex. App.—Waco 2002, pet. ref'd) (quoting *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)). The legislature intended article 37.07 to establish a policy of full disclosure at sentencing. *Coy v. State*, 831 S.W.2d 552, 554 (Tex. App.—Austin 1992, no pet.).

In this case, during his opening statement, the prosecutor explained to the jury his reasons for offering testimony from De La Rosa, Nelson, and Swaim:

> In order for you to understand how much jail time is appropriate for this case, what we're trying to do here today is to show you what would have been required if we'd been properly allowed to grant Mr. Ivey a term of probation.
>
> Probation—you're going to hear from a probation officer who is going to tell you about counseling requirements, supervision requirements, urinalysis requirements, and various other requirements that are all part of what's a standard probation term for a defendant who is on community supervision.
>
> . . . .

7

And then . . . you're going to hear testimony, potentially, from a assistant county attorney about—just explaining some of the law on how all of this stuff works and how we've gotten to the point where we're not able to allow a probation sentence and why we are only able to ask for a jail sentence and what would be an appropriate sentence on that case.

Thus, it appears that the trial court admitted the testimony from De La Rosa, Nelson, and Swain to give the jury complete information about the punishment options for driving while intoxicated so that it could "tailor the sentence to the particular offense." *See Rogers*, 991 S.W.2d at 265. None of the testimony from these three witnesses suggested to the jury that Ivey was eligible for jury recommended probation. Nor did the testimony from these witnesses suggest to the jury that it should reach its decision on an improper basis, such as an emotional one. On this record, we are of the view that the probative value of the testimony in question was not substantially outweighed by the danger of unfair prejudice or misleading the jury. *See* Tex. R. Evid. 403; *Torres v. State*, 794 S.W.2d 596, 600 (Tex. App.—Austin 1990, no pet.).

However, even if the trial court erred by admitting this testimony, Ivey has not demonstrated reversible error. The erroneous admission of evidence is not constitutional error. *Roethel v. State*, 80 S.W.3d 276, 281 (Tex. App.—Austin 2002, no pet.). We use rule of appellate procedure 44.2(b) to determine whether the error warrants reversal. *Id.* Rule 44.2(b) provides that any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). An error affects a substantial right of the defendant when it has a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). Ivey has not demonstrated that he received a longer sentence or was

harmed by the admission of the testimony concerning the conditions of and his eligibility for probation. Therefore, any error in the trial court's admission of the testimony was not reversible error.

In this third group of issues, Ivey contends that the "the trial court erred in imposing days as a condition of probation the length of which was greater than the sentence given by the jury." The trial court's order of probation required Ivey to spend thirty days in the Travis County Jail.[1] This period of confinement is less than the thirty-five day period of confinement assessed by the jury. Therefore, we disagree with Ivey that the trial court's order of probation required a longer period of confinement than the period of confinement assessed by the jury.

Ivey also contends that "the jury in [Ivey's] case understood when they sentenced [Ivey] to thirty five days in jail that he was eligible to have good behavior credit and days already served applied to that sentence and that he would serve fewer than thirty five real days in jail." The record shows that at trial, the prosecutor, defense counsel, and the trial judge had a discussion outside the presence of the jury to determine whether the State could present evidence that a defendant may earn time off the period of incarceration imposed through the award of good conduct time under article 37.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 37.07 § 4 (West 2006). The trial judge ruled that article 37.07, section 4 did not apply to Ivey's misdemeanor case and told the prosecutor, "I don't think that you can put in evidence of good time credit." Thus, the issue whether Ivey could receive a shorter period of confinement due to good conduct time was never before the jury. Furthermore, the record is silent as to whether Ivey spent

---

[1] In a misdemeanor case such as Ivey's, thirty days' confinement in the county jail is the maximum number of days a judge may require as a condition of probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 12(a) (West 2006).

any time in jail after his arrest and prior to sentencing. Ivey's assertion that the jury intended that he serve fewer than thirty-five "real" days in jail is not supported by the record. We overrule Ivey's points of error and affirm the conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
  Dissenting Opinion by Justice Patterson

Affirmed

Filed: October 19, 2007

Publish

10