# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00146-CR

**Carla Deann Rolla, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. CR-02-052, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

Although I agree with the result ordered by the majority, for the procedural and substantive reasons that follow, I respectfully dissent from the opinion of the majority.

After discovering that Rolla's certification of his right to appeal was missing, the clerk of this Court properly notified the district clerk of that fact. *See* Tex. R. App. P. 34.5(c)(2). When the certification was not filed, a full panel from this Court should have abated the case and directed the district court clerk to file a supplemental record. *Id.* That did not occur in this case.

On July 15, 2008, a memorandum opinion was released purporting to represent the unified will of a full panel of this Court. However, although the opinion correctly lists Justice Patterson as the author of the opinion, it was not issued with the approval of a full panel from this Court. No other justice was given a copy of the opinion before it was released to the public, and the two non-authoring panelists were not consulted before the opinion was issued. Indeed, despite the

fact that the opinion went out with my name on it, I did not become aware of its existence until after it had been released to the public.

My dissent is a direct response to the continuing disregard shown by Justice Patterson in this case for the requirement that a full panel of this Court participate in the opinion-making process before an opinion representing the will of the Court may be released. In light of the author's contravention of and refusal to comply with the rules of appellate procedure and this Court's policies regarding the issuance of opinions, her refusal to withdraw the uncirculated opinion when requested by a panelist, and her reliance on a hearsay statement that unnecessarily impugns a fellow member of the judiciary, I am compelled to dissent to the majority's many months of refusal to withdraw the opinion even though I concur in its result. Although I am loathe to engage in the type of non-merits-based argument that had until recently been anathema to this Court, I feel that the circumstances surrounding this opinion require it.

The rules of appellate procedure allow a single justice to act on motions in limited circumstances. *See id.* R. 10.4 (authorizing single justice to grant or deny relief that "the rules allow to be sought by motion"). However, none of those circumstances are present here. Further, no provision of the rules authorizes a single justice to issue an opinion representing the full will of an appellate court or to speak on behalf of the court. This is a reflection of the fundamental proposition that our courts of appeals function as unitary bodies: the voice of the court is expressed either by the en banc court or a panel. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 96 (Tex. 1992).

By unilaterally releasing an opinion without the participation of any other member of this Court, the authoring justice violated the rules of appellate procedure. As described

2

previously, the rules allow an "appellate court," not a single justice, to order the district court to produce a certification. Tex. R. App. P. 34.5(c)(2). Read in light of the remainder of the rules, the panel structure of the appellate courts, and the absence of any authority supporting the notion that a single justice may issue an opinion in these circumstances, I believe that the rule's reference to an "appellate court" mandates the participation of a full panel before a certification order, let alone an opinion, may be released.

Moreover, by releasing her opinion without circulating it to the Court, waiting for the review period to expire, or obtaining the approval of the two other panelists, Justice Patterson contravened the internal policies adopted by this Court regarding opinion circulation and the manner in which opinions may be released. Those policies ensure that each proposed opinion is circulated to all panel members and that those panel members are afforded a reasonable, designated period of time to review and comment on the proposed opinion.

After learning of the opinion's issuance, I repeatedly asked for the opinion to be withdrawn so that each member of the panel listed could have an opportunity to participate and be heard in the matter and so that a new opinion could be released that complies with the rules of appellate procedure and our internal policies. For reasons that only she could know, Justice Patterson, the author of the majority opinion and the justice responsible for its issuance, refused those requests.

In addition to those procedural problems, I also disagree with the opinion's unnecessary inclusion of the following language: "The district clerk has notified this Court that the trial court refuses to prepare a certification because 'the certification is not required in [revocation]

3

cases.'"[1] This statement is wholly unnecessary to the resolution of this issue and is inappropriate for inclusion in an opinion. By this sentence, the authoring judge essentially accused the district court of either being ignorant of the law or knowingly defying the law. The opinion should simply have stated that the record does not contain the required certification of the right to appeal, that an order revoking community supervision is an appealable order, and that the district court was ordered to prepare a certification of Rolla's right to appeal. Nothing more needed to be said. I cannot conceive of a reason for including the alleged statement of which we have no independent knowledge and can find no other example in which this Court has cast this type of unnecessary aspersion against a member of the judiciary.

Because the statement is both unnecessary and unfairly casts a negative light on a fellow member of the judiciary, I have strongly urged Justice Patterson to remove that language from her opinion, but those requests were refused. Justice Patterson has shown no concern that her opinion was issued in violation of the rules of appellate procedure, that it was done under my name without my approval, or that the opinion conveyed an unnecessary aspersion against a member of the judiciary. It is extremely alarming that any one of these concerns does not suffice, in Justice Patterson's view, as reason to withdraw the opinion, much less all of them.[2] Justice Patterson

---

[1] The quoted language comes from a notice filed by the Hays County district clerk. In her supplemental opinion, Justice Patterson refers to the notice as a notarized letter. However, the letter is simply a letter from the clerk bearing her own seal.

[2] Justice Patterson's refusal to withdraw the opinion under these circumstances is baffling given that an opinion on which she was a panelist was recently withdrawn at her request. The original opinion in *Ivey v. State* was circulated to the panel for proper review and was issued with the approval of all of the panelists, including Justice Patterson. *See* No. 03-06-00683-CR, 2007 Tex. App. LEXIS 7241 (Tex. App.—Austin Aug. 30, 2007, withdrawn). Despite the fact that the opinion was circulated and issued in compliance with the rules of appellate procedure and with

4

responded to my concerns only with the suggestion that I write a dissent if I didn't like the content of the majority opinion. For those reasons, I dissent from the majority's refusal to withdraw the July 15 opinion issued in my name without my knowledge or consent. I concur with the outcome.

*Response to Supplemental Opinion*

As mentioned previously, Justice Patterson encouraged me to write a dissent in response to her refusal to withdraw her unauthorized opinion. I have done so and circulated according to court policy. In response, she finally offered to withdraw her opinion and, when I refused to set aside my dissent, has now issued a supplemental opinion to her original opinion. Because her supplemental opinion does not accurately represent the facts leading up to the release of these opinions and includes an unsubstantiated claim against unspecified members of this Court, I feel compelled to revise my original dissent in order to respond to the supplemental opinion separately.

To provide context to this discussion, a more thorough account of the events leading up to the release of these opinions must be provided.

- In early August 2008, I learned that Justice Patterson, without my approval, had released an opinion listing me as a participating panelist.

- On August 14, 2008, I asked Justice Patterson to withdraw the opinion, but she did not respond to my request.

---

the internal policies of this Court, Justice Patterson sought to dissent to the original opinion after its issuance, and the opinion was withdrawn to afford her that opportunity. *See Ivey v. State*, 250 S.W.3d 121 (Tex. App.—Austin 2007, pet. granted). Given the procedural irregularities present in this case that were not present in the *Ivey* case, I am at a loss to explain Justice Patterson's refusal to withdraw this opinion.

- On August 18, 2008, I made a second request to have the opinion withdrawn.

- On August 21, 2008, one week after my initial request, Justice Patterson responded as follows: "we are all so busy right now. I will be glad to meet with you . . . next week."

- On September 4, 2008, I submitted a proposed opinion to the panel that removed the unnecessary language impugning the trial judge in this case. Justice Patterson made no response to the proposed opinion.

- On September 8, 2008, I asked all of the justices of this Court to consider the matter en banc. *See* Tex. R. App. P. 41.1-41.2 (allowing court to decide whether to consider matter en banc). Justice Patterson immediately responded to that email and informed the Court that she objected to addressing the matter en banc.

- On September 22, 2008, after obtaining the approval of a majority of the justices on this Court, I placed an en banc opinion on the list of opinions to be released that week. Justice Patterson informed the clerk of this Court that she objected to the release of the en banc opinion because she was planning to write another opinion in the matter even though she had already written and released an opinion. Contemporaneously, Justice Patterson circulated a memo to all of the justices stating that she felt that en banc actions were inappropriate in this case and that "this is a matter that can—and should—be handled by . . . the assigned judge." In addition, Justice Patterson stated that my proposed opinion was based on "ex parte communications involving more than one judge." Finally, Justice Patterson suggested that if I was dissatisfied with her opinion, then I should dissent.

- On October 17, 2008, in compliance with Justice Patterson's suggestion, I circulated a dissenting opinion.

- On October 23, 2008, after my dissent had been circulated and after having disregarded all of my prior requests to have the original opinion withdrawn, Justice Patterson informed the clerk of this Court that she would like her prior opinion to be withdrawn.

- On October 24, 2008, I informed the Court that I still intended to follow Justice Patteson's suggestion that I dissent to her original opinion. On the same day, Justice Patterson indicated that she wanted to write on the matter as well and again suggested that inappropriate ex parte communications had occurred between the district court and members of this Court.

6

- On November 4, on the day that my dissent and Justice Henson's concurrence were set to be released, Justice Patterson circulated a "Supplemental Opinion" and insisted that the opinion be released with the dissent and concurrence on that very same day. As a result of the circulation of her supplemental opinion, the dissent and concurrence were not released so that the panel could review and respond to the "Supplemental Opinion."

In her supplemental opinion and in an obvious attempt to shift the focus away from her conduct in this case, Justice Patterson now publicly makes a baseless and improper allegation regarding "the district judge and justices on this Court." She, of course, provides no facts to support her claim that an improper communication occurred. Moreover, in her supplemental opinion, Justice Patterson fails to address the fact that she released an opinion without the knowledge or approval of the panel. That fact is confirmed by the concurring opinion by Justice Henson. While Justice Patterson asserts that this is a "presubmission matter that may be handled by a single justice," the rules of appellate procedure do not support that assertion. Rule 34.5 allows an "appellate court," not a single justice, to "order[] the trial court to prepare and file . . . certification of the defendant's right to appeal." Tex. R. App. P. 34.5(c)(2).

Although there may be circumstances in which members of a court might want to bend or ignore a rule in a particular circumstance, courts are not afforded the discretion to do so. The fact that Justice Patterson might wish otherwise does not make it so.

_____

David Puryear, Justice

Before Justice Patterson, Puryear and Henson

Filed:  November 14, 2008

Do Not Publish

7