# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00260-CR

**The State of Texas, Appellant**

**v.**

**Robert G. Barstow, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-06-731663, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Robert G. Barstow of the offense of interference with public duties. *See* Tex. Penal Code Ann. § 38.15 (West Supp. 2008). He was assessed a fine of $2,000 and sentenced to serve fourteen days in the Travis County jail. The trial court signed the judgment and sentence on February 28, 2008. On April 10, 2008, the trial court signed another judgment and sentence, reforming the confinement period from fourteen days to two days. The State appeals, arguing that the trial court had no authority to enter an order altering the confinement period imposed by the jury. We reverse the judgment of the trial court and render judgment at fourteen days' confinement, as determined by the jury.

On July 12, 2006, the following information was signed by the assistant county attorney of Travis County:[1]

---

[1] Because the case turns solely on a procedural issue following sentencing, no reporter's record was filed for the trial on the merits. Although Barstow failed to file a brief on appeal, based on the record before us, there appears to be no dispute as to the underlying facts.

Robert Barstow, the Defendant, on or about April 8th, 2006, did then and there with criminal negligence interrupt, disrupt, impede and otherwise interfere with a peace officer, to wit: J. Allbritton, while the peace officer was performing a duty and exercising authority imposed and granted by law, to wit: J. Allbritton was securing a crime scene. D approached the crime scene and Allbritton signaled for him to stop his vehicle. Allbritton told D that area was a crime scene and it was off limits. D shouted an obscenity and accelerated directly into the crime scene.

The case was tried to a jury. The jury convicted Barstow as charged in the information and assessed a punishment of fourteen days' confinement in the Travis County jail plus a $2,000 fine. On February 28, 2008, the trial court signed a judgment sentencing Barstow to fourteen days in jail as determined by the jury. On April 10, 2008, Barstow again appeared before the trial court on a motion for new trial. The trial court denied Barstow's motion for new trial. As to sentencing, instead of sentencing Barstow to fourteen days' confinement, as determined by the jury, the trial court sentenced Barstow to only two days in jail, which amounted to time already served. The State objected, arguing that the trial court had no authority to modify the jury's punishment. The trial court overruled the State's objection, and the State now appeals.

A trial court's judgment must reflect "[t]he verdict or verdicts of the jury or the finding or findings of the court." Tex. Code Crim. Proc. Ann. art. 42.01, § 1(7) (West 2006). In certain circumstances, where the punishment has been determined by a jury, a trial court has the power to determine how a judgment of conviction is carried out by, for example, suspending the imposition of the sentence and placing the defendant on community supervision. *See id.* art. 42.12, § 3(a) (West Supp. 2008); *Ivey v. State*, 250 S.W.3d 121, 123 (Tex. App.—Austin 2007), *aff'd*, 277 S.W.3d 43 (Tex. Crim. App. 2009). A trial court, however, has no authority to render a judgment different from that called for by the jury's verdict. *See State v. Savage*, 933 S.W.2d 497,

499 (Tex. Crim. App. 1996); *Chafin v. State*, 95 S.W.3d 549, 555 (Tex. App.—Austin 2002, no pet.). Where the trial court's judgment does not conform to the jury's verdict, we modify the trial court's judgment to reflect the jury's verdict. *Nelson v. State*, 149 S.W.3d 206, 212-13 (Tex. App.—Fort Worth 2004, no pet.).

Here, the trial court imposed a sentence, sua sponte and without explanation, amending the confinement period from that determined by the jury—fourteen days—to only two days. The confinement period determined by the jury was within the statutorily prescribed range of punishment. *See* Tex. Penal Code Ann. § 12.22 (West 2003) (Class B misdemeanor is punishable by a fine of up to $2,000 and a jail term of up to 180 days), § 38.15(b) (interference with public duties is Class B misdemeanor). The State properly objected to the trial court's modification of the punishment. Because the judgment did not reflect the verdict of the jury, as required by law, we sustain the State's point of error.

We reverse the judgment of the trial court and render judgment sentencing Barstow to fourteen days' confinement, as determined by the jury.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Patterson and Waldrop

Reversed and Rendered

Filed: April 24, 2009

Do Not Publish