**Affirmed as modified; Opinion Filed July 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00320-CR

### BOBBY EARL MILLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F15-76030-P**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Myers

After a jury convicted appellant Bobby Earl Miller of aggravated robbery, the trial court assessed punishment, enhanced by two prior felony convictions, at 50 years' imprisonment. In a single issue, appellant contends the trial court erred by admitting certain evidence during punishment. We affirm the judgment as modified.

At trial, eighty-year-old Julie Young testified about an event that happened two years previously. On July 24, 2015, Young drove to the neighborhood Fiesta store to buy groceries. When she returned home, she parked her car in the attached garage. As she began to walk toward the back door into her house, a man later identified as appellant came in the garage and pushed her to the ground, face-first onto the concrete floor. Appellant sat on Young's back and beat her until he was able to wrench her wedding ring off her finger and get her purse, which contained three

dollars and a ten dollar lotto ticket. He then ran out of the garage and fled in his white Ford pickup truck. Young, who was covered in blood, crawled into her house. Her son called 911, and the police arrived soon thereafter. Young was taken to the hospital where she was treated for a broken pelvis, a fractured rib, scrapes, and extensive bruises.

Officer Luis Sanchez testified he and his partner responded to the call about the attack on Young. When they arrived on the scene, they met David Allen, Young's next-door neighbor. Allen had a surveillance video with five cameras, two of which were recording events in the alley behind Allen's and Young's houses. The officers reviewed the video tape footage and saw a man driving a white Ford pickup that followed Young as she drove down the alley to her house. When Young pulled into her garage, the white Ford pickup drove past Young's driveway. The driver then put the pickup in reverse and drove back past Young's and Allen's driveways. He parked in the alley behind Allen's house and walked to Young's garage. The driver was wearing a white sleeveless t-shirt and long black shorts. About a minute later, he ran out of Young's garage, carrying a bag. He then got in the pickup and drove away.

Sanchez noted that the pickup was distinctive because it was a single cab but had a long bed with a spare tire and some trash inside. The officers drove around the neighborhood and eventually found the truck at the Pebble Cove Apartment complex, approximately one mile from Young's house. They ran the paper license plate which showed the pickup was registered to appellant. Sanchez's partner spoke with Willean Johnson, the property manager at the Pebble Cove Apartment complex where appellant's pickup was found after the robbery. According to the police report, Johnson was shown a still photo from the video taken of the alley behind Young's house; she identified appellant as the man in the photo.

Detective Megan Mulvihill of the Dallas Police Department said that as part of the investigation of the aggravated robbery, she reviewed the video tape from the surveillance cameras

at the Fiesta store where Young shopped. The video showed a white Ford pickup with a single cab and extended bed driving through the parking lot. When Young got in her car, the pickup truck followed her out of the parking lot.

Johnson testified appellant and his wife lived in the apartments and were behind on their rent. On the day of the robbery, they stopped by her office to let her know they were "working on the rent, getting the money for rent." They indicated they were going to a pawnshop to pawn some items. Johnson said appellant, who was wearing a white "wife-beater" t-shirt and black shorts, was "acting strange," and was "sweating" and "very edgy." He and his wife got in the white pickup and left. Johnson again identified appellant as the man in the video taken in the alley behind Young's house.

After hearing this and other evidence, the jury found appellant guilty of aggravated robbery. Appellant elected to have the trial court assess punishment.

During punishment, seventy-six-year-old Astrid Colgrove testified she stopped by a Target store in the late afternoon of July 5, 2015. After making a purchase, she left the store and walked to her car. She set her purchase on the top of the car in order to open the car door. At that point, someone started pulling her arm. She looked down and saw a "light complected [sic] black man" with freckles crouched by her car. He pulled her purse off of her arm, then wrenched two rings off her fingers, breaking one of her fingers. The man then fled in a white pickup with a paper license plate. Colgrove had three screws surgically implanted in her finger to repair the break. Colgrove said she thought she could pick out the individual because she "looked at his face very clear." When asked if she saw him in the courtroom, she replied "In the courtroom today."

Detective Mulvihill testified during punishment and said she investigated the Colgrove case. The State offered the State's Exhibit 37, a surveillance video from Target. Appellant objected as "to foundation. This is not the custodian of records for the recording of that particular

–3–

video." The trial court overruled the objection and admitted the exhibit. Included in the exhibit was a still photo of the white pickup with a long bed, short cab, and paper license plate involved in the Colgrove case; the truck matched the description of the truck used in the Young case. In addition, Mulvihill noted, without objection, the similarities between the two cases, including the age of the victims, the white pickup truck, and the "MO of the truck being in parking lots . . . waiting for the victim of choice."

The State then introduced evidence to support the two prior felony convictions (burglary of a habitation and aggravated robbery) alleged in the enhancement paragraphs as well as evidence of four other prior convictions, all for burglary of a habitation. Appellant testified and denied the Young and Colgrove robberies. He conceded he had criminal convictions throughout his life but said he was not the "monster that [he's] fixing to be painted to." He also conceded he had "[v]ery distinctive freckles" on his face. At the conclusion of punishment, the trial court sentenced appellant to 50 years in prison.

In his sole issue on appeal, appellant argues the trial court abused its discretion by admitting State's Exhibit 37 because the State did not properly authenticate the video. Specifically, appellant argues the State did not show that the video portrayed (1) what the State alleged that it portrayed or (2) any relevant information.

Initially, we note that appellant's objection at trial—that Mulvihill was not the custodian of records—is not the same objection raised on appeal and is therefore waived. *See Thomas v. State*, 505 S.W.3d 916, 924 n.25 (Tex. Crim. App. 2016) (trial objection that does not comport with arguments on appeal does not preserve error); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (complaint raised on appeal must comport with objection lodged at trial or issue is not preserved).

Even assuming appellant's complaint was preserved and the admission of the video was

error, we could not say it affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). Non-constitutional error that does not affect an appellant's substantial rights is to be disregarded. TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927–28 (Tex. Crim. App. 2004). An appellant's substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the verdict or had only a slight influence on the verdict. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *see Garcia*, 126 S.W.3d at 927–28. In making this determination, we consider the entire record, including the other evidence admitted in the case, the nature of the evidence supporting the factfinder's determination, the character of the alleged error and how it might be considered in connection with other evidence in the case, the State's theory, any defensive theories, closing arguments, and whether the State emphasized the error. *Motilla*, 78 S.W.3d at 355–56. When assessing error due to improperly admitted evidence during punishment, we must ask whether appellant received a longer sentence as a result of the erroneously admitted evidence. *Ivey v. State*, 250 S.W.3d 121, 126 (Tex. App.—Austin 2007) (affirming conviction because defendant had not demonstrated he received longer sentence or was harmed by admission of improper testimony), *aff'd*, 277 S.W.3d 43 (Tex. Crim. App. 2009); *Peterson v. State*, No. 05–12–01417–CR, 2013 WL 5776287, at *5 (Tex. App.—Dallas Oct. 24, 2013, no pet.) (mem. op., not designated for publication) (concluding appellant not harmed by trial judge's refusal to rule on hearsay objection and admission of hearsay testimony because objected-to evidence had only slight effect on punishment verdict).

After examining this record as a whole, we conclude appellant has not shown he received a longer sentence or that he was harmed by the admission of the Target surveillance video during punishment. A person commits the first-degree offense of aggravated robbery if he causes serious bodily injury to a person 65 years or older. TEX. PENAL CODE ANN. § 29.03(a)(3)(A), (b) (West

–5–

2011). The punishment range for a first degree felony when the defendant has been finally convicted of two prior felony offenses is life or any term of not more than 99 years or less than 25 years. *Id.* § 12.42(d) (West Supp. 2017).

Here, the overwhelming evidence showed appellant followed then seventy-eight-year-old Young to her home where he savagely beat her in order to take her purse and wedding ring. Young suffered a broken pelvis and a fractured rib as well as extensive bruising. During punishment, in addition to Colgrove's testimony about her attack at Target and the complained-of video, the State introduced evidence to support the two enhancement paragraphs, specifically that appellant had been convicted previously of burglary of a habitation and aggravated robbery. In addition, the State introduced evidence of four other convictions for burglary of a habitation. The trial court assessed punishment at 50 years, well within the punishment range of a minimum of 25 years with a maximum of life. After examining the record as a whole, we conclude that the admission of the Target video, if error, had no effect or had "but a slight effect" in determining appellant's punishment. *Motilla*, 78 S.W.3d at 355–56. We overrule appellant's issue.

In a cross-point, the State asks us to modify the judgment to reflect that appellant entered pleas of "not true" to the enhancement paragraphs.

An appellate court has "the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

Here, appellant pleaded "not true" to the two enhancement paragraphs; therefore, the record supports the requested modifications. We modify the judgment to reflect that appellant pleaded "not true" to both enhancement paragraphs.

We affirm the trial court's judgment as modified.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
170320F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BOBBY EARL MILLER, Appellant

No. 05-17-00320-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76030-P.
Opinion delivered by Justice Myers,
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to show:

| | |
|---|---|
| **Plea to 1st Enhancement Paragraph:** | **NOT TRUE** |
| **Plea to 2nd Enhancement/Habitual Paragraph:** | **NOT TRUE** |

We **AFFIRM** the trial court's judgment as modified.

Judgment entered this 3rd day of July, 2018.