# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00070-CR

**Samantha Nicole Thorpe, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-13-207095, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After appellant Samantha Nicole Thorpe[1] pleaded guilty to aggravated robbery, *see* Tex. Penal Code § 29.03, the trial court accepted her plea, found her guilty, and assessed punishment at confinement for eleven years in the Institutional Division of the Texas Department of Criminal Justice, *see id.* §§ 12.32(a) (setting imprisonment range for first degree felonies "for any term of not more than 99 years or less than 5 years"), 29.03(b) (stating that offense of aggravated robbery is felony of first degree). In one point of error, appellant argues that the trial court erred when it allowed inadmissible hearsay into evidence. We affirm the judgment of conviction.

---

[1] The parties identify appellant as "Samantha Nicole Thorp," but the indictment and judgment of conviction identify her as "Samantha Nicole Thorpe." During the plea hearing, appellant testified that she was the same person who was charged in the indictment. Consistent with the indictment and judgment, we refer to appellant as "Samantha Nicole Thorpe."

**Background**

On December 13, 2013, appellant traveled with a girl and two men from San Antonio to an apartment in Austin. While she and the girl waited in the vehicle, the two men, armed with a shotgun and a handgun, robbed the inhabitants of the apartment. Appellant then picked up the two men and drove away in the vehicle from the apartment. The responding police officers were able to stop the vehicle "a short distance away" and shortly after the robbery occurred. Based on her involvement, appellant was indicted in January 2014 for two counts of aggravated robbery with a deadly weapon. The indictment also contained an enhancement paragraph that alleged that she had been previously convicted of the felony offense of possession of a controlled substance. The prosecution of the State's case against appellant was delayed because she failed to appear in court.[2] Appellant eventually was located. In a September 2017 hearing before the trial court, the State waived an enhancement paragraph of the indictment but not the deadly weapon finding, and the trial court accepted appellant's plea of guilty.

Appellant's punishment was in January 2018. During her opening remarks, the prosecutor sought punishment that included prison time, arguing that appellant "orchestrated an armed home invasion" in which two men "at her bequest entered someone's home brandishing a shotgun and a firearm . . . in order to rob those people of their goods." The State's witness at the punishment hearing was an Austin Police Department detective who responded to the robbery. He

---

[2] According to her trial attorney, appellant "did get scared and failed to come back to court."

2

testified about his investigation at the scene, including his interviews of the victims. He also testified that appellant was the driver of the "getaway car."[3]

The defense sought a sentence that did not include prison time and argued that appellant was motivated to change. Appellant had a baby in October 2017 and was working services with Child Protective Services (CPS) in an effort to regain custody of her child. The defense witnesses were appellant's friends, the woman who was taking care of appellant's baby, and the CPS caseworker assigned to appellant and her baby. In defense counsel's opening remarks, she conceded that appellant "had met" one of the apartment's inhabitants "as an escort a couple of nights before" and that appellant was the driver of the getaway vehicle, but defense counsel disputed "who actually orchestrated or came up with this idea or planned it."

At the conclusion of the hearing, the trial court found appellant guilty of aggravated robbery and assessed punishment at confinement for eleven years. *See* Tex. Penal Code §§ 12.32(a), 29.03(b). Appellant thereafter filed a notice of appeal and a motion for new trial, which was overruled by operation of law.

**Analysis**

In one point of error, appellant contends that the trial court erred when it allowed inadmissible hearsay into evidence that provided details of contact between appellant and one of the apartment's inhabitants prior to the robbery. Defense counsel objected to the detective's complained-of testimony during the following questioning by the prosecutor:

---

[3] The police located the getaway vehicle by using a "GPS tracking device" on one of the victim's mobile phones that had been taken by the two men from the apartment.

3

| | |
|---|---|
| [Prosecutor]: | Did you interview the three victims, you or one of your fellow detectives, interview the three victims about how they might have some sort of possible relationship with any of the people in that car? |
| [Detective]: | Yes, ma'am. |
| [Prosecutor]: | Was anything determined about a prior relationship with the defendant and any of the victims? |
| [Detective]: | Yes, ma'am. |
| [Prosecutor]: | Can you tell me what that was? |
| [Detective]: | So the third roommate explained to us that he had met a woman on Backpage[.com] the day before where they had agreed—they had come to an agreement for it was supposed to be 160 an hour, and he texted back to her that he only had 130. |
| [Defense Counsel]: | I'm going to object to hearsay and violation of *Crawford* in going into too much detail about what some witness who is not here said. This is a voluntary hearing and she's pled, but getting into a lot of details of what people said I think is unnecessary. |

In the ensuing discussion between counsel and the trial court, defense counsel elaborated on her challenge: "I'm challenging him testifying about what somebody said about details of their arrangement from Backpage. I'm not challenging that this witness has identified my client as that person." Immediately after defense counsel explained her challenge, the trial court overruled the objection, stating that it would allow the testimony "under it's not being asserted for the truth of the matter but explaining why this officer did what he did in establishing probable cause to arrest the defendant and her culpability."

4

After the trial court overruled defense counsel's objection, the prosecutor then asked the detective to continue with his answer to the objected-to question and asked additional questions about the prior arrangement between appellant and the third roommate as follows:

[Prosecutor]: You can continue, Detective.

[Detective]: So he explained back that—this was done through text messaging—that he only had 130 and asked if they could smoke the rest of the $30 worth, and apparently she had agreed, and then also via text message she explained that if he didn't answer the door when she got there that there would be consequences.

[Prosecutor]: Let me stop you there. Were you able to see a picture of this woman that the victim was referring to?

[Detective]: Correct.

[Prosecutor]: And did she resemble the defendant?

[Detective]: Yes.

[Prosecutor]: And so at that point there has been a prior connection between the defendant and the victim established.

[Detective]: Correct.

The detective also testified that the third roommate left the impression that appellant was upset with him "[b]ecause he had not come through on the agreed upon—for the 130 and the weed or the 160" and confirmed that there was no prior relationship or connection between the apartment's inhabitants and the other participants in the robbery.

**Standard of Review**

We review trial court rulings as to the admissibility of evidence for abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). A trial court does not abuse its discretion if its decision is "within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *see Henley*, 493 S.W.3d at 83.

The erroneous admission of evidence generally is considered to be non-constitutional error. *See Walters v. State*, 247 S.W.3d 204, 222 (Tex. Crim. App. 2007) (determining that exclusion of evidence that did not prevent presentation of defensive theory was non-constitutional error); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (explaining that erroneous admission of evidence was non-constitutional error). Non-constitutional error requires reversal only if it affects the substantial rights of the accused. Tex. R. App. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *see* Tex. R. Evid. 103 (stating that trial court error admitting or excluding evidence must affect "substantial right of the party"). In making this determination, we "consider everything in the record." *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002); *see Barshaw*, 342 S.W.3d at 93; *Solomon*, 49 S.W.3d at 365.

Further, when assessing harm from improperly admitted evidence during the punishment phase of trial, we ask whether the defendant received a longer sentence as a result of the

6

erroneously admitted evidence. *See Ivey v. State*, 250 S.W.3d 121, 126 (Tex. App.—Austin 2007) (determining whether defendant "received a longer sentence or was harmed" as result of erroneously admitted evidence in assessing harm at punishment phase), *aff'd*, 277 S.W.3d 43 (Tex. Crim. App. 2009); *see also Peterson v. State*, No. 05-12-01417-CR, 2013 Tex. App. LEXIS 13282, at *17 (Tex. App.—Dallas Oct. 24, 2013, no pet.) (mem. op., not designated for publication) (concluding that appellant was not harmed by admission of testimony because it had "at most only a slight effect on appellant's sentence and was therefore harmless"); *Rowell v. State*, No. 03-08-00451-CR, 2009 Tex. App. LEXIS 3386, at *17–18 (Tex. App.—Austin May 14, 2009, pet. ref'd) (mem. op., not designated for publication) (explaining that appellate courts "assess the injurious influence of evidence at the punishment phase by asking whether the defendant received a longer sentence as a result of the erroneously admitted evidence"); *Ramirez v. State*, No. 11-06-00106-CR, 2008 Tex. App. LEXIS 3275, at *15 (Tex. App.—Eastland May 8, 2008, pet. ref'd) (mem. op., not designated for publication) ("The inquiry is whether appellant's substantial rights were violated and whether appellant's punishment was affected by the court's error." (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997))).

**Was the admission of the complained-of testimony reversible error?**

Appellant contends that the complained-of testimony "was provided to show the truth of the matter asserted, that appellant was guilty of aggravated robbery with a deadly weapon and that she was in fact, the primary person responsible for planning the crime." Appellant also argues that "the victim's statement led to the 'back door' hearsay statement of [the detective] that appellant had a particular motive for committing the crime."

Assuming without deciding that the trial court abused its discretion by admitting the complained-of testimony, the record does not reflect harm because the testimony related to facts that were proven by other competent evidence that was admitted without objection. *See Marshall v. State*, 210 S.W.3d 618, 631 (Tex. Crim. App. 2006) (explaining that error in admission of evidence is harmless when evidence is cumulative of other evidence admitted without objection); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) ("Whether or not the testimony complained of was admissible as an exception to the hearsay rule is irrelevant. If the fact to which the hearsay relates is sufficiently proved by other competent and unobjected to evidence, as in the instant case, the admission of the hearsay is properly deemed harmless and does not constitute reversible error."). Appellant admitted and confessed to the commission of aggravated robbery as charged in the indictment, including that a deadly weapon was used or exhibited during the commission of the offense. Appellant also did not dispute that she "had met" the third roommate prior to the robbery, and other evidence supported that the robbery was her idea. The detective testified about one of the men's "full confession of the robbery" and his identification of appellant as "the one that got them together in San Antonio for the purposes of . . . hitting a lick, which is street terms for committing a robbery."

Appellant presented evidence about her efforts to comply with the CPS service plan and her motivation to change in the hope of regaining custody of her child to support her request for no prison time. In determining an appropriate sentence, however, the trial court could have considered, in addition to appellant's guilty plea, that she absconded from prosecution for several years. *See* Tex. Code Crim. Proc. art. 37.07, § 3 (authorizing parties to offer evidence during

8

punishment phase of trial that "court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . [and] the circumstances of the offense for which [defendant] is being tried"). We also observe that, despite the serious nature of the crime and a punishment range of up to 99 years, the trial court assessed punishment—confinement for eleven years—at the lower end of the punishment range for imprisonment. *See* Tex. Penal Code § 12.32(a) (stating punishment range for first degree felonies).

Considering the record as a whole, we cannot say that appellant received a longer sentence as a result of the admission of the complained-of testimony and have fair assurance that this testimony did not influence the trial court's assessment of punishment or had but a slight effect. *See* Tex. R. App. P. 44.2(b); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010) (explaining that, in conducting harm analysis as to whether "error affected appellant's substantial rights to a fair sentencing hearing," appellate courts "examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence"); *Solomon*, 49 S.W.3d at 365 (explaining that error does not affect substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect" (citation omitted)); *Ivey*, 250 S.W.3d at 126 (explaining that, when assessing harm from improperly admitted evidence during punishment phase of trial, appellate courts ask whether defendant received longer sentence or was harmed as result of erroneously admitted evidence). Thus, we conclude that any error by the trial court in admitting the testimony was harmless.

**Conclusion**

For these reasons, we overrule appellant's point of error and affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   May 24, 2019

Do Not Publish